### UELL DRAKE v. THE STATE.

No. 2697. Decided May 11, 1904.

**1.—Charge of the Court—Provoking the Difficulty.**

A judge should not give a charge on provoking the difficulty in the absence of facts raising that issue, as such a charge destroys or limits the right of self-defense; and the court in charging on provoking the difficulty should indicate to the jury some definition of what it takes to provoke a difficulty.

**2.—Same—Reversible Error, Unless Defined.**

A charge of the court in which the court instructs the jury simply that if appellant provoked the difficulty, without defining what it takes to provoke it, that is that some act or language, or both were used by defendant with intent to produce the occasion and bring on the difficulty, etc., is reversible error.

Appeal from the District Court of Eastland. Tried below before Hon. J. H. Calhoun.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion in the former appeal states the case. 45 Texas Crim. Rep., 273; 8 Texas Ct. Rep., 645.

*D. G. Hunt,* for appellant.—Dent v. State, 65 S. W. Rep., 627.

*Howard Martin,* Assistant Attorney-General, for the State.—Carter v. State, 35 S. W. Rep., 378; Franklin v. State, 34 Texas Crim. Rep., 286.

HENDERSON, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal. This is the second appeal. Drake v. State, 8 Texas Ct. Rep., 645. The State's case as contained in the former appeal is substantially the same as the facts in this record. In the former trial appellant testified, but he did not testify in the present trial.

Appellant excepted to the court charging on provoking the difficulty on the ground that there was no evidence raising this issue; and he also excepted to the character of the court's charge on provoking the difficulty. So much of the court's charge on the subject as is necessary to show the objection urged is substantially as follows: "If you believe from the evidence that defendant, armed with a deadly weapon, willfully provoked the difficulty, if any occurred, with Oscar Dennis, with intent to take his life, etc., and that during the progress of the difficulty defendant inflicted a wound upon said Dennis with said weapon with intent to take his life, he can not justify on the ground of self-defense, and you should find him guilty of an assault with intent to murder," etc. Then following this is a general charge on a wrongful or blamable act, which we presume the court intended the jury to use in determining the act of provocation. Said charge is as follows: "A party may have a perfect right of self-defense, though he may not be entirely free from blame or wrong in the transaction. If the blamable or wrongful act was not intended to produce the occasion, nor an act which was under the circumstances reasonably calculated to produce the occasion or provoke the difficulty, the right of self-defense would be complete, though the act be not blameless. A party can not avail himself of a necessity which he has knowingly and willingly brought upon himself. Whenever a party by his own wrongful act produces a condition of things wherein it becomes necessary for his safety that he should take life or do serious bodily harm, then the law imputes to him his own wrong and its consequences to the extent that they may and should be considered in determining the grade of his offense (if any) which, but for such acts would never have been occasioned. How far and to what extent he will be excused or excusable in law depends upon the nature and character of the act he was committing, if any, which produced the necessity that he should defend himself. When his own original act was in violation of law, then the law takes that fact into consideration in limiting his right of defense and resistance while in the perpetration of such unlawful act." This whole definition, found in some of the forms, is argumentative in character, but defines noth-

ing; and without some practical definition of a cause of provocation is calculated to confuse and mislead. It has been repeatedly held that in no cause should a judge give a charge on provoking the difficulty, in the absence of facts raising that issue, because the effect of such a charge is to destroy or limit the right of self-defense. Morgan v. State, 34 Texas Crim. Rep., 222; McCandless v. State, 42 Texas Crim. Rep., 58. In this connection it has been held that it was not ordinarily necessary for the court to group or collate the facts in the charge itself authorizing the instruction. It has also been decided, that in a charge on the subject of provoking the difficulty, the court should indicate to the jury some definition of what it takes to provoke a difficulty. Beardon v. State, 79 S. W. Rep., 37; McCandless v. State, supra. In the latter case we point out the essential features of a charge on provoking the difficulty. In the charge given by the court and quoted above, the court, indeed, tells the jury that it must be some wrongful or blamable act which would deprive a party of the right of self-defense, though he does not suggest the nature or character of the act. He should have substantially instructed the jury that, if they believed beyond a reasonable doubt appellant did some act or used some language, or did both, with intent to produce the occasion and bring on the difficulty in order to have a pretext for taking the life of prosecutor, and that the same under the circumstances was reasonably calculated to provoke a difficulty, and on said account the prosecutor assaulted him, and he then cut and stabbed prosecutor with intent to take his life, in such case he could not set up self-defense, but would be guilty of an assault with intent to murder. But if appellant brought on the difficulty as stated above, not with intent to take the life of prosecutor, but for the purpose of committing an assault and battery upon him, and that the prosecutor did assault him in pursuance of the design of appellant, and that after he was so assaulted, appellant became excited and incapable of cool reflection, and under such circumstances he cut and stabbed prosecutor, he would be guilty only of an aggravated assault. Instead of giving such a charge, by which the jury would be able to try the issue of provocation, the court merely told the jury, if appellant provoked the difficulty, etc., leaving them no criterion as to what it took on the part of appellant to provoke the difficulty. As it was, the only criterion they had, was that if appellant was guilty of some wrongful or blamable act at the inception of the difficulty, that would be a sufficient provocation. As has been stated, it is not every blamable or wrongful act that will deprive one of self-defense, or limit the right of self-defense. Franklin v. State, 34 Texas Crim. Rep., 286; Winters v. State, 37 Texas Crim. Rep., 582. The charge of the court heretofore treated was followed by another charge on provoking the difficulty, but not with the intent to take life. This charge is subject to the same vice as the one already quoted. If provocation existed in this case, it was on account of the language used by appellant in the house, and the repetition

of the language when the parties went out of the house. If when prosecutor asked appellant why he used such language in regard to him in the house, appellant repeated the language and prosecutor then struck him a blow, which may be inferred from the testimony of the defendant's witness Hambrick, and appellant then began cutting prosecutor with his knife, there was provocation in the case. If the assault was with intent to take life it was a felonious assault; if a less degree, appellant might be guilty of an aggravated assault. Of course, if appellant did not use the language attributed to him with intent to provoke a difficulty, or if prosecutor did not make the first assault, there was no provocation in the case, and a counter charge presenting this view should have been given. The court gave a charge on aggravated assault and also a charge on self-defense. There was some testimony, though slight, tending to prove these matters. We do not understand, however, any criticism to be made of the charges given on these subjects.

For the error of the court in its charge on provoking the difficulty, the judgment is reversed and the cause remanded.

*Reversed and remanded.*