## J. R. HILL v. THE STATE.

### No. 6998.   Decided May 24, 1922.

**Murder—Manslaughter—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception are filed after ninety days, after the adjournment of the trial court, they could not be considered on appeal. Following King v. State, 82 Texas Crim. Rep., 145; and other cases; besides, the bills of exception are in question and answer form and could not be considered, following Jetty v. State, 90 Texas Crim. Rep., 346. However, if the statement of facts be considered, defendant's guilt of manslaughter is established, the charge of the court is regular, the conviction is sustained.

Appeal from the District Court of Collingsworth. Tried below before the Honorable J. A. Nabors.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of bill of exceptions and statement of facts: Gribble v. State, 210 S. W. Rep., 215.

MORROW, PRESIDING JUDGE.—Under an indictment for murder, appellant was convicted of the offense of manslaughter; punishment fixed at confinement in the penitentiary for two years.

The term of court closed on the 2nd day of December. The statement of facts was filed on the 2nd day of April following, which is more than ninety days after adjournment of court; too late to authorize its consideration. King v. State, 82 Texas Crim. Rep., 145 and authorities therein collated. The same is true of the two bills of exceptions found in the record. Moreover, they consist of the transcription of the stenographer's notes in question and answer form. See Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 589; Huey v. State, 90 Texas Crim. Rep., 400, 235 S. W. Rep., 887; Rylee v. State, 90 Texas Crim. Rep., 482, 236 S. W. Rep., 744.

We will add that we have examined the statement of facts which is furnished and the bills of exceptions in the light thereof. That the appellant was the author of the homicide is established without controversy. His defensive theories of manslaughter and self-defense were presented to the jury in the main charge, supplemented by special charges framed by counsel for appellant, which were adequate to safeguard his rights and properly guide the jury in the solution of the issues of fact.

The judgment is affirmed.

*Affirmed.*