FRANK PINKERTON ET AL. v. THE STATE.

No. 7119.   Decided March 21, 1923.

1.—Murder—Charge of Court—Manslaughter.

Where, upon trial of murder, the court charged the jury on manslaughter that it is not enough that the mind is agitated by a passion arising from a provocation given by some person other than the party killed, or by some person other than those acting with the party killed, the same was sufficient under the facts in the instant case;  in the absence of pointing out more specifically the error complained of.  Following Gill v. State, 84 Texas Crim. Rep., and other cases.

**2.—Same—Provoking the Difficulty—Charge of Court—Grouping Facts.**

Where, upon trial of murder, the evidence raised the issue of provoking the difficulty, the court correctly charged thereon, and couched the same in general terms without grouping the fact on which the rights of the defendants rested. Following McCandless v. State, 42 Texas Crim. Rep., 58, and other cases.

**3.—Same—Rule State—Former Decisions—Grouping Facts.**

There are expressions in some early decisions which would indicate that the trial judge should in his charge point out or group the facts upon which provoking the difficulty may be predicated, but it has since been announced that a charge upon such issues should be couched in general terms. Following Bearden v. State, 46 Texas Crim. Rep., 144, and other cases.

**4.—Same—Self-Defense—Provoking Difficulty—Charge of Court.**

It was not necessary for the court to have given the requested charges inasmuch as the main charge completely instructed the jury upon self-defense, unrestricted by the issue of provoking the difficulty. However, if the court thought proper to give the requested charges upon self-defense, there was no impropriety in directing the jury that the facts did not entitle defendants to the right of self-defense in the event they had provoked the difficulty.

**5.—Same—Manslaughter—Adequate Cause—Charge of Court—Grouping Facts.**

Where the court followed the view expressed by this court in the former appeal, upon the question of adequate cause, and in addition to basing adequate cause upon an assault and battery causing pain, etc., instructed the jury that if they further believed from all the facts and circumstances occurring before or at the time of the homicide that the minds of the defendants at the time thereof labored under such a degree of anger, rage, resentment, or terror as to render their minds incapable of cool reflection, they would not be guilty of a higher degree of offense than manslaughter, there was no reversible error, and correctly refused a charge in which the facts were grouped.

**6.—Same—Penalties Inflicted—Excessive Punishment—Province of Jury.**

It is only in the most extreme case that this court would feel authorized to interfere with the verdict of the jury on the ground of excessive punishment, and where the record does not show any improper evidence which could inflame the minds of the jury, the conviction will not be disturbed.

Appeal from the District Court of Erath. Tried below before the Hon. J. B. Keith.

Appeal from a conviction of murder; penalty of thirty-five years against one defendant, and thirty years each against the other two defendants.

The opinion states the case.

*Mack Taylor, Pat Pittman,* and *Oxford & Johnson,* for appellants. —On question of provoking difficulty, Saens v. State, 20 S. W. Rep., 737; Carter v. State, 35 id., 378; Lucas v. State, 90 id., 880; McCandless v. State, 57 id., 672; Gilmore v. State, 241 id., 492.

On question of self-defense; Sprinkle v. State, 91 S. W. Rep., 787; Drake v. State, 77 id., 7; McMillian v. State, 126 id., 875.

*R. G. Storey,* Asst. Atty. General, and *M. L. Arrington,* District Attorney, and *Chandler & Pannil.*—On question of charge of manslaughter; Burns v. State, 145 S. W. Rep., 356; Adler v. State, 201 id., 177;

On question of provoking the difficulty; Roberson v. State, 203 S. W. Rep., 349.

On question of self-defense; Smith v. State, 195 S. W. Rep., 595; Bozeman v. State, 215 id., 319; Simmons v. State, 220 id., 554; Boaz v. State, 231 id., 790.

HAWKINS, JUDGE.—Appellants were jointly indicted for the murder of Newman Bostick. At a former trial Monday applied for, and was granted a severance; Bill and Frank Pinkerton were tried jointly. All were convicted and upon appeal both cases were reversed. The opinion in the Pinkerton case is reported in 89 Tex. Crim. Rep., 657, 232 S. W. Rep., 827, and Monday's in 90 Tex. Cr. Rep., 8, 232 S. W. Rep., 831. After reversal Monday withdrew his request for severance, and all three co-defendants were retried jointly. Bill Pinkerton was allotted thirty-five years in the penitentiary, Frank Pinkerton and Monday thirty years each.

The evidence in the record now before us is substantially the same as on the former appeals; it is set out at some length in the other opinions, and will not be repeated unless necessary to the discussion of some bill of exceptions. No complaint is brought forward at the admission or rejection of evidence. The errors alleged relate solely to the charges given or refused, and a complaint that the punishments assessed are grossly excessive under the facts, evidencing prejudice on the jury's part.

After defining manslaughter and what is meant by the term "under the influence of sudden passion" the court gave the following charge.

"The acts must be directly caused by the passion arising out of the provocation; it is not enough that the mind is merely agitated from passion arising from some other provocation or a provocation given by some other person than the party killed, *or persons acting with or aiding or encouraging him in the difficulty.*"

Exception was taken to the paragraph of the charge above quoted as it was originally written, and in response thereto the court added the words which are italicized. Objection was then made to it in the following language:

"Because said paragraph is not applicable to the facts of this case, and imposes undue burdens and limitations on the defendants and is entirely too restrictive when applied to the facts of this case." The exception was not elaborated, and in no way was it undertaken to point out to the trial court in what particular the paragraph in question was not applicable to the facts, nor in what way it imposed

94 T. C.—9

undue burdens or limitations on appellants, nor in what manner it was deemed by them too restrictive. It is urged by appellants in their brief and argument before this court that the words italicized prevented the jury from taking into consideration the acts of deceased's brother who may have been acting with him at the time of the killing. In qualifying the bill the learned trial judge says by the language complained of he intended to instruct the jury, and thinks he did so, to the effect that a provocation given by deceased or his brother acting with him could have caused passion bringing the case within the definition of manslaughter. We are unable to agree to the construction given the paragraph by appellants, but are in accord with the view expressed by the trial court. We think when fairly construed the charge means, "that it is not enough that the mind is agitated by passion arising from a provocation given by some person other than the party killed, or by some person other than those acting with the party killed." The state meets the criticism with the proposition that the objection is too general, and did not point out the specific error complained of, even though the charge itself might in some respect be objectionable. We are inclined to agree with this proposition. Article 735, C. C. P. requires that the accused "shall present his objection in writing, distinctly specifying each ground of objection." In Gill v. State, 84 Tex. Crim. Rep., 531, 208 S. W. Rep., 926 we said:

"No form of objection is prescribed, and in the nature of the case, none can be laid down; but the charge complained of and the objection made must be considered together, and, if it is sufficiently definite to make reasonably apparent to the trial judge the faults complained of, it will be regarded on appeal as a substantial compliance with the requirements of the statute. The statute demanding that the objection shall be 'distinctly specified' is not ordinarily met by a general objection."

To the same effect, see McDonald v. State, 77 Tex. Crim. Rep., 612 179 S. W. Rep., 880; Rogers v. State, 245 S. W. Rep., 697; Boaz v. State, 89 Tex. Cr. Rep. 515; 231 S. W. Rep. 790; Walker v. State, 89 Tex. Cr. Rep., 76, 232 S. W. Rep., 527.

The court charged upon "provoking the difficulty." Exception was reserved because appellants contend that issue was not raised by the testimony. The facts are practically identical with those presented on the former appeal, and the same contention was made at that time. The issue was not discussed in the opinion in the Pinkerton case, but it was expressly held in Monday's case that the issue of provoking the difficulty was raised. With such announcement before him the learned trial judge would not have been warranted in withholding such issue from the jury upon identical facts in the instant trial. We think the evidence fairly raised the issue. We do not deem it necessary to review the question again. Betts v. State,

71 Tex. Cr. Rep., 204, 159 S. W. Rep., 1069; Manley v. State, 69 Tex. Cr. Rep., 502, 154 S. W. Rep., 1008.

The charge on provoking the difficulty is practically the same as was given in Woodward v. State, 54 Tex. Cr. Rep., 86, 111 S. W. Rep., 941. Exception was taken to said charge "because the same nowhere points out to the jury the wrongful acts, conduct or language of these defendants which would in law compromit their rights of self-defense, and because said charge nowhere groups the facts on which the rights of these defendants to complete self-defense should be abridged and limited."

There are expressions in some early opinions which would indicate that the trial judge should in his charge point out or group the facts upon which "provoking the difficulty" may be predicated. (See Morgan v. State, 34 Tex. Cr. Rep., 226; Carter v. State, 37 Tex. Crim. Rep., 403, 35 S. W. Rep., 378; Mozee v. State, 51 S. W. Rep., 250). An effort to follow such a course would lead inevitably to charges upon the weight of the evidence. This was recognized in McCandless v. State, 42 Tex. Crim. Rep., 58, 57 S. W. Rep., 672, and it was therein announced that a charge upon such issue "should be couched in general terms," and what would be a proper charge was indicated; to the same effect is Bearden v. State, 46 Tex. Crim. Rep., 144, 79 S. W. Rep., 37; Drake v. State, 46 Tex. Crim. Rep., 488, 80 S. W. Rep., 1005; Renow v. State, 49 Tex. Crim. Rep., 281, 92 S. W. Rep., 801; Woodward v. State, (supra). The rule announced in the later cases has been followed unbrokenly so far as we are aware down to, and reaffirmed in Mason v. State, 88 Tex. Crim. Rep., 642, 228 S. W. Rep., 952. We find no error in the charge as given.

Appellants Bill and Frank Pinkerton requested, and the court gave, a special charge upon the issue of self-defense in which many facts were grouped. The charges as presented failed to take into consideration the issue of provoking the difficulty and the court appended to each of said special charges a qualification that the jury would acquit said appellants under said charge "unless you find they, defendants, provoked the difficulty under circumstances collated and set out in the charge of the court." Appellants reserved exception to said qualification, claiming the same was calculated to mislead the jury and to cause them to confuse the complete and unlimited right of self-defense, and because the qualification was calculated to lead the jury to believe that in the mind of the court appellants' theory of self-defense was untrue. We do not believe it necessary for the court to have given the special charges requested because he had theretofore given a full, fair and complete charge upon self-defense, unrestricted by the issue of provoking the difficulty, and then in connection with and as a converse of the charge upon the latter subject had told the jury if they entertained a reasonable doubt as to whether appellants intended to provoke a difficulty, or if

their acts or language were not calculated to bring about such a result their right of self-defense would be unimpaired. However, if the court thought proper to give the special charges requested we see no impropriety in directing the jury in connection therewith that the facts as grouped in the charge did not entitle appellants to the right of self-defense in the event they had provoked the difficulty with deceased with intent to take his life.

These cases were reversed upon the former appeal in part because of a charge on manslaughter which was deemed too restrictive in that it limited "adequate cause" to the one matter of an assault and battery by deceased. Attention was called to the fact that there were a number of other occurrences related by the witnesses transpiring at the time of the homicide and immediately preceeding it which might be grounds for "adequate cause," and the view expressed that in addition to the charge upon an assault producing pain a general charge on manslaughter including all the facts and circumstances should have been given. (See paragraph seven of opinion in Monday's case, supra.) The learned trial judge upon the instant trial followed the views so expressed, and submitted not only the question of adequate cause based upon assault and battery by deceased upon either of the Pinkertons or upon Bryan Monday causing pain as being adequate cause, but followed that submission with the following:

"Or if you further believe from all the facts and circumstances in this case, occurring before or at the time of the homicide, that the minds of the defendants were at the time of the homicide laboring under such a degree of anger, rage, resentment or terror as to render the mind incapable of cool reflection," and that the killing occurred under such conditions they would not be guilty of a higher grade of offense than manslaughter. Appellants excepted to the charge as given, and requested a special charge in which many facts were grouped. The court declined to give the special charge on the ground that it was upon the weight of the evidence, and further that it failed to take into account the issue of provoking the difficulty. We are of opinion the charge given by the learned trial judge is not subject to the criticism lodged against it. In a case presenting a confused and contradictory state of facts such as the record in this case discloses, where a number of people are engaged upon both sides it is a serious task for the trial court to undertake to group the facts upon which a general charge of manslaughter is to be based, without infringing upon the weight of the evidence on the one hand, or on the other of omitting from the charge some fact in evidence which the jury might legitimately consider upon the issue presented. We do not believe appellants have any just ground for complaint at, or that the jury could have misunderstood, the charge presenting the general issue of manslaughter, because they were authorized to consider all the facts and circumstances occurring at the time of the homicide

or prior thereto in determining whether the minds of appellants were incapable of cool reflection at the time of the killing. (See many authorities collated under Sections 2048 and 2049, Branch's Ann. P. C., pages 1149 and 1150).

Appellants insist that the penalties inflicted are excessive, and that therefrom this court would be authorized in concluding that the jury was controlled not by the facts in evidence but by prejudice existing in their minds against appellants. It is only in the most extreme case this court would feel authorized to interfere upon such grounds with the verdict of the jury, and then only when the record disclosed some matter from which prejudice might be shown or inferred. In the record before us there is no complaint that any improper evidence was introduced which could have inflamed the minds of the jury, nor was any evidence excluded which might have been to appellants' benefit upon any issue in the case. Therefore, we must conclude that the jury based the penalties assessed solely upon the legitimate facts developed upon the trial, and whatever our individual opinion might be with reference to the extent of the punishment awarded it is beyond our authority to substitute our judgment for that of the jury.

Finding no error in the record which would call for a reversal of the judgment, the same is ordered affirmed.                *Affirmed.*