## CLYDE STROUD V. THE STATE.

No. 15757.   Delivered April 19, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 439.

The opinion states the case.

J. D. Willis, of Waco, for appellant.

Willard McLaughlin, Crim. Dist. Atty., and Frank M. Wilson, Asst. Crim. Dist. Atty., both of Waco, and Lloyd W. Davidson, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Burglary is the offense; penalty assessed at confinement in the penitentiary for life.

The indictment charges in substance that on the 26th of May, 1932, the appellant committed the offense of burglary. The elements of the offense, as defined in the statute, are properly embraced in the indictment.

In title 2, chapter 2, P. C., 1925, there is authority for the increase of penalty in a felony case less than capital where one has been previously convicted of a felony less than capital; and in article 63, P. C., 1925, it is said: "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

Precedents giving application of the law are found in the case of Walthall v. State, 109 Texas Crim. Rep., 26.

The pleading in the present appeal charges that the appellant, prior to committing the offense of burglary for which he was tried, had previously been convicted of a felony of a like nature a number of times. The judgment assessing the penalty at confinement in the penitentiary for life is founded upon the assumption that the evidence adduced before the trial court supported the averments in the indictment.

Under the terms of article 760, C. C. P., 1925, the authority of this court to consider the statement of facts and bills of exception is restricted to those filed within ninety days after notice of appeal is given. This court is precluded from considering either the statement of facts or bills of exception in the present instance. The motion for new trial was overruled on August 30, 1932. The statement of facts and bills of exception were filed November 29, 1932, from which it appears that there elapsed a period of ninety-one days after notice of appeal was given and before the statement of facts and bills of exception were filed. See Benson v. State, 85 Texas Crim. Rep., 126; Barges v. State, 86 Texas Crim. Rep., 231; Hill v. State, 92 Texas Crim. Rep., 58. Many other precedents will be found in Vernon's Ann. Tex. C. C. P., vol. 3, 1932 supplement, page 13.

No error having been perceived, the judgement is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes a persuasive plea for consideration of his statement of facts, setting up by affidavit that his attorney got a leg broken in an automobile accident after this trial, and was thus hindered in getting the statement of facts filed in time. Without going into the matter at length, we give him the benefit of the doubt and consider said statement of facts in connection with this motion for rehearing.

A sack of potatoes was abstracted at night from a storage building in Waco. There was sufficient testimony to warrant the jury in finding that said potatoes were assisted by appellant and another out of a window into the rear of said building in the nighttime, either by the inserted arm of the taker, or

by the use of some other instrument introduced between the iron bars across the aperture whose presence prevented other bodily entrance. A trainman observed two parties with sacks containing something, in the neighborhood of said storage house and notified officers, this being about 2 a. m. The officers testified that they went to the place in response to the call and searched for two men with sacks. Appellant and a man named Mershon were arrested. Two sacks, one paper and the other tow, each containing potatoes, were found near where the parties were. The tow sack was substantially identified as one which came from said storage house and which had contained potatoes. When arrested appellant was asked as to the two sacks and where they were, and said they were down at "that house close to the alley." The sacks of potatoes were found there. Asked about the contents, before they were found, he replied, "Just a few damned potatoes we stole." Appellant said they had two sacks of potatoes. Tracks and potato sprouts were noted on the ground beneath the windows of said storage house, in the house and near which windows the sacks of potatoes were stacked. The windows were described and the fact testified to that they were not used as a place of entrance or egress to or from the building. The bottom of the windows was about five and one-half feet from the ground. At the time he was apprehended appellant was fleeing, was heard to run into a high wire fence, and was found on the ground near the fence in a dazed condition by the officers.

The case was submitted on the law of circumstantial evidence. We think the verdict supported by testimony.

The court charged as follows:

"By the term 'entry' into a house is meant every kind of entry but one made by free consent of the occupant or of one authorized to give such consent. It is not necessary that there should be any actual breaking to constitute burglary.

"The entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony or theft, or it may be constituted by the discharge of firearms or other deadly missile into the house, with intent to injure any person therein, or by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced."

Appellant excepted to this in the following language: "Because the charge on entry is prejudicial and does not properly define the same as applicable to the facts in this case."

We might cite authorities holding such an exception to be

too general. See Pinkerton v. State, 94 Texas Crim. Rep., 127; Blackmon v. State, 95 Texas Crim. Rep., 116; Regittano v. State, 96 Texas Crim. Rep., 477; McCauley v. State, 97 Texas Crim. Rep., 1. However, we observe that article 1394, P. C., defines breaking, as applicable to nighttime burglary, as meaning that the entry must be with actual force, but proceeds to say that the slightest force is sufficient to constitute breaking; "it may be by * * * the entry at a chimney or other unusual place." In Alexander v. State, 31 Texas Crim. Rep., 359, we held that an entry through an open window, which was an unusual entrance, would be sufficient force to constitute burglary. Judge Davidson wrote the opinion and cited Painter v. State, 26 Texas App., 454, which announces the same doctrine. See, also, Davis v. State, 52 Texas Crim. Rep., 335.

Nor would the fact that the taker may have only introduced his hand or arm, or some instrument used in the furtherance of the theft, make any difference. Nash v. State, 20 Texas App., 384. In Jones v. State, 60 Texas Crim. Rep., 426, at a time when under our practice complaints of the charge might be first made in motions for new trial, complaint was made of a charge much like the one above quoted, and this court held it of no possible injury, since in his charge, applying the law to the facts, the trial court told the jury that before they could convict they must believe beyond a reasonable doubt that the entry was by force. So, in this case, the indictment charging an entry in the nighttime by force, threats, and fraud, in the usual form, the trial court, in applying the law to the facts, told the jury that, if they found from the evidence beyond a reasonable doubt that appellant entered the house as charged in the indictment, by force, threats, and fraud, etc., they should convict.

Finding no error in the record calling for the granting of a rehearing, appellant's motion will be overruled.

*Overruled.*