been given. Appellants' complaint is not supported by any showing of probable injury.

We must accord to juries intelligence and reason until the contrary is shown by some action or deed set out in some fact showing. In his charge the trial court told the jury that if, in their judgment, it was deemed proper, they could find one of the defendants guilty and the other not; and that they might in their discretion assess different penalties. We must believe the jury followed this charge in the absence of a statement of facts, or some showing in the bill of exceptions suggesting facts from which a reasonable conclusion might arise that one of these men should have been acquitted, or given a penalty different from that accorded the other by the jury. In the condition the record appears before us, we are forced to the conclusion that no injury is shown, and that in assessing the same penalty the jury did right. We do not reverse cases upon complaints except they be well founded on facts or law.

Finding no error in the record, the judgment will be affirmed.

HAWKINS, J., absent.

#### On Motion for Rehearing.

MORROW, Presiding Judge.

In their motion for rehearing the appellants, through their counsel, again insist that in giving the form of verdict as described in the original opinion of this court, there was fundamental and prejudicial error requiring a reversal of the conviction as to each of the appellants. This court is not informed of the facts. As we understand the record, nothing is disclosed which indicates that the jury would have made a distinction between the two appellants with reference to the conviction or the punishment. The trial judge heard the evidence and, on consideration of the motion for rehearing, declined to grant a new trial. As the matter is presented before this court, it is thought that article 666, C. C. P., which relates to the review of the charge, should govern the action of this court on the present appeal. Article 666, supra, reads as follows: "Whenever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

In the state of the record, nothing appears which was calculated to injure any of the rights of the appellants; nor does it appear that they have not had a fair and impartial trial. In the manner in which the matter is presented to this court, as above stated, it being in ignorance of the evidence that was before the trial court, the provisions of article 666, supra, render it imperative that we deny the relief sought.

The motion for rehearing is overruled.

#### On Appellants' Application for Leave to File Second Motion for Rehearing.

The application for leave to file a second motion for rehearing merely reiterates contentions made and met upon the original hearing and rehearing. We are not led to conclude from an examination of the application that we were wrong in the disposition we made of the appeal.

The application for leave to file second motion for rehearing is denied.

### LAMPKINS v. STATE.
No. 17244.

Court of Criminal Appeals of Texas.
Feb. 27, 1935.

Roberson, Hart, Johnson & Hart, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for two years and six months.

This court is precluded from considering either the statement of facts or bills of exception in view of the fact that they were filed more than ninety days after notice of appeal was given. The motion for new trial was overruled on May 16, 1934, and notice of appeal given on the same date. The statement of facts and bills of exception were filed August 15, 1934, which was 91 days after notice of appeal was given. See article 760, C. C. P., and Stroud v. State (Tex. Cr. App.) 60 S.W.(2d) 439.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.