### William Suber v. The State.

No. 6070. Decided January 26, 1921.

**Burglary—Continuance—Want of Diligence—Cumulative Testimony.**

Where, upon trial of burglary, defendant's first application of continuance, the question of cumulative testimony did not enter into the question; yet in the light of the testimony in the record on appeal this court is of the opinion that while this rule does not apply, still in view of all the testimony and the number of witnesses who testified to an *alibi* of defendant, there was no reversible error in overruling defendant's application for continuance for this class of testimony; besides, there was a total want of diligence to procure the attendance of the absent witnesses.

Appeal from the District Court of Henderson. Tried before the Honorable John S. Prince.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This is a conviction for burglary with an assessed punishment of two years in the penitentiary.

There is but one question presented we think that needs consideration, to-wit: the overruling of the motion for continuance. The indictment was returned in March. There was some issue as to whether

process was issued or not prior to the 14th of the following September, which was the succeeding term of the court. The case had been set for the 16th of September in the latter part of August. On the 14th of September the process was issued. It shows service on all witnesses except perhaps one. On the 16th of September appellant's co-defendant was tried. It seems the witnesses were in the town of Athens that day . Whether they testified in the other case or not is not shown. Appellant was tried on the 17th of September. They were not present. The application was made for these witnesses to prove by two of them that they slept at the same house that he did the night of the alleged burglary, and they would testify that they spent the entire night at that place, which was two miles from the scene of the burglary. The affidavit of these two witnesses was produced on motion for new trial, the State controverting the question of diligence, and they swore that they had not been summoned else they would have attended the trial; that they were there the day before but were not summoned. The process had been returned by the sheriff on the 15th, and the co-defendant was tried on the 17th. When the case was called for trial and it was discovered the absent witnesses were not present, an attachment should have been issued, but this was not done. These alleged absent witnesses in their affidavits attached by the State controverting the application as to diligence, among other things, testify they were at the house where appellant was and went to bed about 9 or 10 o'clock; that appellant was then at the house; that they did not know whether he remained there during the night or not. It is indicated by the testimony of the sheriff and the clerk that no process was issued at the March term of the court; that they examined into the question, and the sheriff did not have any process to serve, and the clerk testified that his records fail to show the issuance of process prior to the 14th day of September. Under these circumstances we are of opinion that the diligence was not sufficient. The court states in his qualification that these witnesses were present about the time the argument begun in the case, but were not placed upon the witness stand; but he further states that the attorneys in the case state that they did not know of their presence. There is no statement from appellant that he was unaware of their presence, and the court states that he was not aware of their presence. Still we are of opinion that the diligence is not sufficient. The court would have issued process had it been called for, but it was not called for, and the parties went to trial. In the light of the record we are of opinion that the diligence was not sufficient, and the court was not in error in refusing to grant a new trial. This was stated to be the first application by the appellant, and as a rule cumulative testimony does not enter into the question. Had these witnesses testified as they swore in their affidavits, that appellant was at home or where they lived on the night of the burglary about 9 or 10 o'clock and they knew nothing further of him, this would be but cumulative of quite a number of witnesses who did testify to his alibi at the same

time and place.  In the light of the record we are of opinion that while the rule of cumulative evidence does not apply, still in view of all the testimony and the number of witnesses who testified to alibi, the jury, in the light of the testimony of two of these witnesses who were brothers-in-law of defendant, would hardly have been influenced by their testimony.  Most of the testimony for the defendant was stronger than that perhaps to be shown by the absent witnesses as to alibi.  It is not thought advisable to review the testimony in the case, but we are of opinion that from any standpoint the court was not in error in his ruling, and that a reversal would hardly be justified.

The judgment is, therefore, affirmed.

*Affirmed.*