WILL WEAVER, ALIAS CHESTER SMITH, v. THE STATE.

No. 8506.    Delivered November 26, 1924.

No motion for rehearing filed.

1.—Burglary—Continuance—Diligence.

Appellant complains of the refusal of the court to grant him a continuance, to enable him to take the deposition of three absent witnesses, all of whom lived out of this state. He was arrested on, Sept. 17th indicted on Sept. 20th and his case called for trial on the 23rd day of October. No effort of any kind was made to take the depositions of these absent witnesses. In the light of the evidence adduced on the trial, the probability of ever securing the attendance of those witnesses is not shown. *Held*, no diligence shown.

2.—Same—Evidence—Express Receipt—Admissible.

The court properly admitted in evidence, an express receipt found upon the person of the appellant, showing shipment of the stolen property by him from Kansas City to Shreveport, La., it being also shown that he called in person at the express office in Shreveport to receive the goods.

3.—Same—Charge of Court—On Accomplice.

The court having properly charged the jury that the witness Johnson was an accomplice, it was not error to refuse a special charge requested by appellant to the same effect.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction of burglary; penalty, ten years in the penitentiary.

*Geo. E. Gordon,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of ten years.

On the night of the 15th of July, 1923, persons broke into the store of Mrs. C. Shepherd and took therefrom a large quantity of merchandise. The breaking and the theft were established by direct evidence. The appellants identity as one of the offenders was asserted in the testimony of Robert Johnson, a co-principal. According to his testimony, he and the appellant, after planning the burglary some days before, executed it on the night mentioned and carried the goods to a certain house in the city of Houston where they remained for a month and a half, after which a part of them was sent by express and the

balance by baggage to Kansas City, Missouri, at which place part of them were recovered and identified by Mrs. Shepherd. The testimony of Johnson was corroborated by the evidence of the express agent who identified the appellant as having shipped the goods from Houston, and identified the box in which part of them were shipped, which box was seen in his possession, and by the fact that after shipping the goods from Kansas City under the assumed name of Chester Smith, he called for them at Shreveport, Louisiana, the point of destination, and was in possession of the express receipt issued to Chester Smith at Kansas City. There was also testimony showing that persons were seen removing goods from the building on the night in question and that the appellant and Johnson acted together in removing trunks and packages, among them the box in question, from a designated house in Houston to the express office. The appellant was identified by the agent of the express company as the person who shipped the goods from Houston to the address of Alex Turner in Kansas City.

Appellant denied the offense and introduced evidence tending to show an alibi and pointing to Johnson as the offender.

That the corroborating testimony is sufficient to meet the requirements of the law is not open to question. A further recital of the evidence is deemed unnecessary.

The appellant sought a continuance to secure the testimony of Frank Maham, whose testimony, according to the averments of the motion, would go to show that Robert Johnson had given appellant the express receipt mentioned and had requested him to have the goods shipped to Kansas City. The motion is also based upon the absence of the witnesses Lucy Binford and Emma Williams. The materiality of the testimony of these witnesses is not stated, nor are the facts given from which it may be ascertained. Neither is there any explanation of the failure. to take their deposition, both of them, according to the averments in the motion, having fixed residences in Kansas City and Missouri.

The reason given in the motion for the failure to have the testimony of the witness Maham is that the appellant had been in jail since the 17th of September and had not been able to employ counsel until the 9th of October; that he did not have sufficient time within which to take the depositions.

In a second motion for a continuance appellant avers that he had not learned the name of Maham, until the arrival of his wife at Houston on the 21st of October. The appellant was indicted on the 20th of September, having been previously arrested, and employed counsel on the 9th day of October. The case was called for trial on the 23d of that month. We think no sufficient reason is given for the failure to make efforts to take the deposition of the witness Maham. It ap-

pears from the averment that the testimony which Maham would have given was known to the appellant from the beginning, though in the motion he claims that he did not know the name of the witness. The motion fails to show any effort to ascertain his name. Sufficient diligence to secure the testimony of the absent witnesses is not revealed by the motion. See Speights v. State, 41 Texas Crim. Rep., 323; Hornsby v. State, 91 Texas Crim. Rep., 174, and cases cited; also Vernon's Crim. Stat., Vol. 2, p. 319, Art. 608, subdivision 6, note 32. In the light of the evidence adduced on the trial, the probability of ever securing the attendance of the witness, or that, if present, his testimony would have produced a different result is not such as to warrant this court in concluding that in overruling the motion the trial court abused its discretion. See Branch's Ann. Texas P. C., Sec. 305.

There was no error in receiving in evidence the express receipt which was found upon the person of the appellant at the time of his arrest. His possession of the document was a relevant circumstance tending to connect him with the possession of the stolen property. The property had been shipped from Houston to Kansas City by the appellant. At the time of the shipment there was placed upon the box containing the merchandise certain marks. There was evidence that the box was in the possession of the appellant at Kansas City; that he had shipped the goods, packed in the same box, from Kansas City to Shreveport, Louisiana, the box being consigned to Chester Smith. He was arrested at the express office in Shreveport after he had asked for the goods shipped to Chester Smith. At the time of his arrest there was taken from his pocket the express receipt showing shipment from Kansas City to Shreveport, consigned to Chester Smith. There were marks on the receipt coinciding in some particulars with those on the box containing the stolen property. See Jones v. State, 85 Texas Crim. Rep., 546, and authorities there cited.

The court was not in error in refusing to instruct the jury to acquit the appellant. Nor do we think the court committed error in refusing to single out the express receipt found in the possession of the appellant and tell the jury that it was not a sufficient corroboration of the accomplice. See Ency. of Plead. and Prac., Vol. 11, p. 185; Pinkerton v. State, 249 S. W. Rep., 1066; Ray v. State, 88 Texas Crim. Rep., 197. The court instructed the jury that the witness Johnson was an accomplice as a matter of law and that in the absence of corroborating evidence tending to connect the appellant with the commission of the offense, there could be no conviction. It would have been improper for the court have repeated this instruction as requested in the special charge upon the subject.

We fail to perceive any error in the record which calls for a reversal of the judgment. It is therefore affirmed.

*Affirmed.*