**Johnny Ray LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43194.**

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

Rehearing Denied Dec. 9, 1970.

Melvyn Carson Bruder, Dallas (court-appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary of a private residence at night; the punishment, 7 years.

Trial was before a jury on a plea of not guilty. The jury having found appellant guilty, the court assessed the punishment.

Appellant was represented at his trial by Hon. John T. Boyce, court appointed counsel. Sentence was pronounced and notice of appeal was given on June 27, 1969. On the same day, Hon. Melvyn Carson Bruder was appointed by the court to represent appellant in perfecting his appeal.

A complete record on appeal, accompanied by briefs timely filed in the trial court, is before us and the appeal has been submitted on such briefs and oral arguments.

The first two grounds of error relate to the sufficiency of the evidence. It is first contended that there is no evidence that the offense occurred at night-time.

The complaining witness testified that she saw appellant in her apartment about 12:45 A.M. and testified:

"Q. * * * for the purpose of the record, Diantha, was that more than 30 minutes after sunset on that day and more than 30 minutes beford sunrise the next day, that is 12:45 A.M.?

"A. Yes."

It is next contended that there is no evidence establishing an entry by means of force, threats or fraud.

The testimony of the complaining witness was that there were two doors to the apartment which she occupied as a private residence. One was a wooden door that faced the patio, which she testified was closed and locked. The other was a glass sliding door which faced the parking lot which was shut, but not locked, when she left the apartment and when she returned after calling the police and found appellant in the apartment.

The opening of a closed door is sufficient to constitute force and breaking as used in the statute defining the offense with which appellant was charged. Sparks v. State, 34 Tex.Cr.R. 86, 29 S.W. 264; Hollis v. State, 69 Tex.Cr.R. 286, 153 S.W. 853; Bowie v. State, Tex.Cr.App., 401 S. W.2d 829; Warden v. State, Tex.Cr.App., 366 S.W.2d 786, cert. denied, 375 U.S. 886, 84 S.Ct. 162, 11 L.Ed.2d 116; 10 Tex.Jur.2d 178, Burglary, Sec. 18, and cases annotated.

 It is next contended that there is no evidence establishing a felonious intent on the part of appellant in entering the apartment.

The breaking and entering of a house in the nighttime raised the presumption that the entry was with intent to commit theft. Roberts v. State, Tex.Cr.App., 375 S.W.2d 303; Bonner v. State, Tex.Cr.App., 375 S. W.2d 723; Byrd v. State, Tex.Cr.App., 435 S.W.2d 508.

There was no attempt to rebut such presumption.

Appellant denied being in or having entered the apartment.

Also, the state's evidence reflects that appellant was arrested in the parking area shortly after he was, according to the prosecuting witness, in the apartment. A portable T.V. which had been in the apartment was later found in the parking lot.

Grounds of error Nos. 1 and 2 are without merit and are overruled.

The remaining ground of error presents the contention that the trial court improperly permitted the complaining witness to identify appellant, the contention being that such identification testimony was "tainted by a one-on-one confrontation at the scene" without the appellant having been advised of his constitutional right to have the benefit of counsel at such confrontation and his right not to incriminate himself.

This ground of error, under the record, is wholly without merit.

The complaining witness identified appellant at the trial as the man she saw in the apartment which she occupied as her private residence, and as the man who was standing next to the squad car in the parking lot at the time he was apprehended by a police officer who had responded to her report, all of which identification testimony was offered and admitted at the trial without objection. The state offered no evidence as to any statement made by appellant.

The judgment is affirmed.