**Felix FOSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45296.**

Court of Criminal Appeals of Texas.

July 17, 1973.

Albert G. Redmond, Richard Thornton, Galveston (on Appeal only), for appellant.

Jules Damiani, Jr., Dist. Atty. and R. L. Wilson, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of burglary with intent to commit theft. His punishment was enhanced under Article 63, Vernon's Ann.P.C., and appellant was assessed a life sentence.

Before considering the merits of the appeal, we must first rule upon the State's motion to dismiss which has been filed in this Court. An affidavit by the sheriff of Galveston County is attached to the motion, in which the sheriff states that appellant escaped from custody on April 5, 1972, but was recaptured on April 7, 1972 and is currently in custody. The record was filed in this Court on February 1, 1972. Therefore, the dismissal of the ap-

peal is permissible. Art. 44.09 and 44.10, Vernon's Ann.C.C.P.; McGee v. State, 445 S.W.2d 187 (Tex.Cr.App.1969).

Appellant, in reply to the State's motion, has acknowledged that a dismissal is permitted, but has moved this Court to exercise the discretion given it by Art. 44.-09, V.A.C.C.P., in cases where the punishment assessed is either death or confinement for life and the defendant has been recaptured within thirty days after his escape. In light of the penalty assessed, this Court will overrule the State's motion and will consider the appeal on its merits. Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49 (1960).

In his brief, appellant raises two grounds of error. He does not challenge the sufficiency of the evidence to support the conviction.

In his first ground of error, appellant contends that the trial court erred in overruling his motion for continuance which was filed on the day of trial. In support of his motion, appellant alleged the absence of a material witness, Emmett Sullivan. He further alleged that the testimony of the witness would be material in regard to the issue of the voluntary nature of an oral statement which he made to police officers at the time of his arrest. According to the allegations of the motion, the witness observed a beating which appellant had received from police officers at the time of arrest.

In the motion, appellant states that his counsel requested, on the date of trial (June 14, 1971), that a subpoena issue for the missing witness. Appellant further stated that this was done at the first opportunity, as the witness was not discovered until the preceding Saturday, June 12, 1971. Appellant states that Monday, June 14, 1971, was the first opportunity he had to obtain process. At the hearing on the motion for new trial, appellant's counsel testified that he first learned of the existence of the witness Sullivan while con-

ducting his investigation of the case on Saturday prior to the Monday trial and learned at that time that the witness was out of town. The missing witness did, in fact, appear in answer to the subpoena in the middle of the week after the trial, stating that he had just been served.

Sullivan testified at the hearing on the motion for new trial and stated that from his window directly above, he observed the police officers apprehend appellant. Appellant was underneath the house and Sullivan testified that the officers told appellant to come out or they would blow him out, and that they began kicking him when they got him out from underneath the house. Sullivan further testified that although his vantage point was directly above the spot where appellant was apprehended, he never heard any warnings administered to appellant. He did hear someone say, "I have my rights," followed by someone stating, "We have our rights." Sullivan then heard someone hollering, "like somebody was getting hit."

The only witness besides appellant who testified before the jury concerning the alleged beating was a twelve-year-old boy who lived next door to the house where appellant was arrested. His testimony was that appellant was kicked by the officers but that he didn't remember anything being said to appellant once he was pulled out from underneath the house.

A crucial issue in this cause was whether or not appellant's oral confession which the arresting officer testified appellant made at the time of arrest, was freely and voluntarily given. The police officers denied that such a beating took place. Sullivan's testimony was much more detailed than the young boy's and would have added weight to appellant's version of the facts surrounding his arrest.

█ Appellant's counsel, appointed 18 days before trial, has shown proper diligence in seeking this motion, his first motion for continuance. To answer the

State's argument, we note that an accused's first application for continuance because of the absence of a witness is generally not subject to attack on the ground that the testimony sought would merely be cumulative. Carter v. State, 37 Tex.Cr.R. 403, 35 S.W. 378 (Tex.Cr.App.1896); Suber v. State, 88 Tex.Cr.R. 416, 227 S.W. 314 (1921).

The motion for continuance should have been granted. For that reason, the judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

This is an appeal from a conviction for the offense of burglary with intent to commit theft. Two prior felony convictions for offenses less than capital were alleged for enhancement under Article 63, V.A.P. C. The punishment was assessed at life.

The record reflects that at approximately 2:10 a. m., police officers of the City of Galveston saw Foster's car parked near the drug store of Waylen Crawford. Three officers then saw Foster inside the store. Foster came outside and went around the corner of the building near the police car holding a paper sack in his hand. When he saw the patrol car, he turned and ran. Approximately three hours later the officers found him underneath a house some three doors from the drug store. The officers found a pill bottle containing $3.81 in his pocket. After a conversation with him, they recovered a large screwdriver and six bottles of drugs which were shown to have been taken from the burglarized store. A latent fingerprint from the inside of the glass door of the store matched the left ring finger of appellant.

Waylen Crawford testified that the narcotics drawers were locked and that the store was locked at approximately 1:00 a. m. When he returned to the store that night, the front doors had been pried open without his consent. The narcotics drawers had been pried open and seven bottles of drugs were missing, as well as a pill

bottle which contained $3.81. The officers brought the appellant to the store that night and returned the containers of different kinds of drugs which had the store code marked on them to Crawford. One container was not found.

The majority reverses the conviction and remands for a new trial holding that the trial court improperly denied appellant's motion for continuance in order that he might attack the voluntariness of an oral confession which led to the recovery of the screwdriver and the drugs. In their opinion they point out that an accused's first application for continuance because of the absence of a witness is generally not subject to attack on the ground that the testimony sought would be merely cumulative and cite Carter v. State, 37 Tex.Cr.R. 403, 35 S.W. 378, and Suber v. State, 88 Tex. Cr.R. 416, 227 S.W. 314.

However, the majority has failed to recognize the lack of diligence on the part of counsel to obtain the presence of this witness. In support of his motion for continuance counsel for appellant testified that he had gone to the residence of one Mark Smith and Emmett Sullivan on Saturday, June 12, 1971, to talk to them about the events surrounding appellant's arrest on the evening of October 26, 1970. He testified that Mark Smith informed him that both he and his roommate, Emmett Sullivan, had observed the police arrest a person who was hiding under the house where they were living and that he returned immediately to bed. Smith also stated that his roommate had later told him that the police had beaten the man they had arrested. He also told counsel that Sullivan was out of town and would not return for two weeks. There is no showing as to why he did not attempt to contact these parties earlier in the week. It appears that he had investigated the area as he did call Cecelio Robles, Sr., and Cecelio Robles, Jr., who also resided in the same area.

It would seem that counsel in the exercise of proper diligence would have at a mini-

mum called Mark Smith as a witness. This he did not do. Nor does it appear that counsel made any effort on Saturday to have Sullivan subpoenaed when he knew that he was scheduled for trial on Monday morning. The burden is upon the defendant to establish the exercise of diligence in support of an application for a continuance. 1 Branch's Ann.P.C.2d, Section 335, page 369. Appellant has not met that burden.

Assuming arguendo that Emmett Sullivan had testified as alleged in the motion for new trial, such testimony would not have changed the result. If after hearing the testimony of Sullivan the trial court had ruled the oral confession involuntary and the fruits thereof inadmissible there was still ample evidence to support appellant's conviction. Three police officers saw appellant inside the store on the night it was burglarized and a pill bottle containing $3.81 proven to have come from the store was found in appellant's pocket at the time of his arrest. Additionally, a latent fingerprint matching the left ring finger of appellant was found on the inside of the glass door of the store. The alleged involuntary oral confession produced six bottles of various drugs and a large screwdriver, evidence which was not needed to sustain appellant's conviction.

The gist of the offense of burglary as is in the present case is the entry with intent to commit theft. When at nighttime one is seen inside a building not his own and without the owner's consent, it is presumed that he was there with the intent to commit theft. Lee v. State, Tex.Cr.App., 459 S.W.2d 851; Leaderbrand v. State, Tex. Cr.App., 457 S.W.2d 557. With the showing of lack of consent for his entry by Crawford along with the proof that he was in the building in the early morning hours, the offense was proved.

Therefore, I would hold that denial of his motion for continuance was not an abuse of discretion in view of the failure of the motion to show due diligence in se-

curing the presence of the absent witness and failure of the evidence adduced on trial to show that if present, his testimony would have produced a different result. See Weaver v. State, 98 Tex.Cr.R. 474, 266 S.W. 408.

For reasons stated, the judgment should be affirmed.

MORRISON, J., concurs.