**Wendell Larry BOLTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0238–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 14, 1982.

James G. Glass, Houston, for appellant.

Marqua McGull-Billingsley, Asst. Dist. Atty., Houston, for appellee.

Before PRICE, WARREN and DUGGAN, JJ.

PRICE, Justice.

This is an appeal from a conviction for the offense of burglary of a habitation with the intent to commit theft. One prior felony offense was alleged for enhancement under Article 12.42(c), V.A.P.C. The court assessed punishment at 20 years.

The record reflects that on January 1, 1980, at approximately 11:30 p. m., Mr. Ron Waters, the complaining witness, and a friend of his, Blanca Uzeta, were coming home from a dinner party. As Mr. Waters approached his home he observed a white male with blond hair, identified at trial as the appellant, walking down his driveway toward a car where someone was waiting for him. The appellant allegedly waved to someone in the direction of the house, got into the car and left the scene. Mr. Waters further testified that he felt that something was wrong and followed the car for two blocks. He stated that the car was a dark green, "slightly beat up" Plymouth. He did not get a good look at the driver of the car. He then returned to his home and discovered that someone had broken into his home and that many of his personal possessions were missing. He called the police and they came out and made a report. The evidence further indicates that on the following day, Mr. Waters saw the car which he had seen leave his home the previous night, at a neighborhood jewelry store. He drove to his home a few blocks away, picked up his sister's boyfriend and went back to the jewelry store. He stated that he recognized the appellant as the one who walked down his driveway the previous night and he asked the store manager not to let anyone leave the store until he could call the police. When the police arrived, a jacket belonging to Mr. Waters was found in the front seat of the Plymouth. The jacket contained property belonging to the appellant. The appellant introduced evidence that he was at his home on the night in

question, watching a football game with some of his friends.

Appellant raises four grounds of error on appeal. In the first ground of error, it is contended that the trial court judge abused his discretion in overruling the motion for new trial, because he had overruled the first motion for continuance due to the absence of Janet Reid.

Article 29.06 Sec. 2, V.A.C.C.P. states that:

In the first motion by the defendant for a continuance: it shall be necessary, if the same be on account of the absence of a witness, to state: . . .

2. The diligence which has been used to procure his attendance; and it shall not be considered sufficient diligence to have caused to be issued, or to have applied for a subpoena, in cases where the law authorized an attachment to issue.

The record reflects that the only diligence used is that which is stated in the motion for continuance. It is as follows:

"Prior to this date, and more than ten days prior to the trial setting, an application for subpoena was filed with the Clerk of the Court wherein the attendance of one Janet Reid was sought. Thereafter, a subpoena was delivered to the deputy sheriff who is assigned to this Court for the purposes of serving this witness. The subpoena served contained the only address known to defendant, to-wit: 503 Shawnee, Houston, Texas. Defendant has made application for attachment of said witness. The Defendant has used every available means of obtaining service on the said witness."

The record is void of evidence of any effort made by the process server to serve the missing witness, or of any effort made by any other person to do so. The only testimony in this regard comes from the witness, Reid, who appeared without a subpoena at the motion for a new trial hearing. She testified she never received a subpoena and had no knowledge of the trial setting. Consequently, there is no showing of due diligence.

Article 29.06, Sec. 6, V.A.C.C.P., provides, in part:

" * * * If a motion for continuance be overruled, and the defendant convicted, if it appears upon the trial that the evidence of the witness or witnesses named in the motion was of a material character, and that the facts set forth in said motion were probably true, a new trial should be granted, and the cause continued or postponed to a future day of the same term."

An affidavit of the absent witness's testimony properly accompanies the motion for continuance. However, the testimony of witness Reid at the motion for a new trial hearing is contrary to matters in the affidavit and is in direct conflict with the trial testimony of the appellant and the alibi witness, Cox.

■ Therefore, we hold that the denial of appellant's motion for continuance was not an abuse of the trial court's discretion in view of the failure of the record to show due diligence in securing the presence of the absent witness and the failure of the evidence adduced on trial to show that if present, her testimony would have produced a different result. *Weaver v. State,* 266 S.W. 408 (Tex.Crim.App.1924).

In his second ground of error, the appellant contends that the trial court erred in admitting testimony, over appellant's timely objection, that appellant told the complaining witness that he had just been released from prison, as such testimony naturally prejudiced appellant's case, depriving him of his right to a fair and impartial trial.

At trial, the following sequence of testimony between the prosecutor and the complaining witness took place:

Q. What happened then?

A. I turned to the jeweler and said "May I use your phone to call the police so we can find out who owns the car?

Q. What happened then?

A. I don't know about the exact sequence, but I think about that point Mr. Bolton approached me and said,

"Hey I don't think there's any need to call the police. We can work this out between us."

Q. What else did he do at that time?

A. At some point he put his arm around me, became friendly and said he didn't want the police called because he had some tickets and he didn't want to be taken down because he'd have to go to jail and pay these tickets...

Q. Did he say anything else to you at that time after he had made the comment about he had the tickets?

A. I told him "If all he had was tickets, to not worry about it, we'd get it all straightened out."

Q. What did he say to that?

A. I think somewhere in that time frame his demeanor changed and he told me that he had just gotten out of prison and that if I...

Mr. Glass: Your Honor, I object to that.

The Court: Overruled.

Q. What did he say exactly?

A. He said he had just gotten out of prison, if he went back to prison he wasn't going to feel good about it and he'd know where to take it out when he got out.

■ It is well settled in Texas that an objection that fails to specify a reason or a ground is generally not sufficient to preserve the claim of error for review, *Breeden v. State*, 438 S.W.2d 105 (Tex.Crim.App. 1969); *Dyche v. State*, 478 S.W.2d 944 (Tex. Crim.App.1972). However, where the correct ground of exclusion was obvious to the trial judge and opposing counsel, no waiver results from a general or imprecise objection. *Zillender v. State*, 557 S.W.2d 515 (Tex.Crim.App.1977). In the instant case, since a specific ground was not stated nor was one obvious at the time the objection was made, there is nothing before the court to review. However, any argument of harm asserted by the appellant is diluted by his testimony at the guilt stage that he was previously convicted of two prior felonies, even though he never admitted having gone to prison.

We therefore overrule appellant's second ground of error.

In his final two grounds of error, appellant challenges the sufficiency of the evidence to support a conviction and maintains that the trial court judge erred by not granting his motions for instructed verdict at the close of the state's case as well as at the close of all of the evidence.

■ The trial court properly instructed the jury on the law of circumstantial evidence. In reviewing the sufficiency of the evidence in a circumstantial evidence case, the test used is that the evidence is insufficient if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Crim.App. 1977).

■ A careful examination of the statement of facts reveals that both Ron Waters and his friend, Blanca Uzeta, were able to positively identify the appellant at the jewelry store the day after the burglary as being the same person leaving Mr. Waters' home the night of the burglary. Their testimony does conflict, however, as to whether the appellant was the driver or the passenger in the car leaving the scene.

The automobile the appellant possessed at the jewelry store was also identified as the same vehicle leaving the scene of the burglary containing the appellant and another person. A search of the automobile at the jewelry store revealed Mr. Waters' coat, taken during the burglary, with some of the appellant's personal items in the pockets.

The record further reflects that the appellant produced testimony concerning an alibi as to his whereabouts during the alleged burglary. However, the testimony of the alibi witnesses contradicts each other as well as the testimony given by the appellant.

All factual matters of conflict were resolved by the jury when they concluded beyond a reasonable doubt that the appellant was guilty. Consequently, the sum total of all of the incriminating evidence

leaves but one conclusion to be reached: that no other reasonable inference can be drawn from the evidence except the guilt of the appellant. We overrule appellant's final two grounds of error and affirm the trial court's judgment.