Richard MONSEVIAS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–636–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 8, 1982.

Discretionary Review Refused Oct. 13, 1982.

Allen Isbell, Houston, for appellant.

Alvin Titus, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

The appellant was convicted of the offense of murder and assessed a punishment of life in the Texas Department of Corrections and a $10,000 fine. We reverse and remand.

Appellant brings forward ten grounds of error. Because we sustain his ground of error one, we need not discuss appellant's remaining grounds of error.

In his ground of error one, appellant asserts that the trial court erred in failing to grant his timely motion for new trial because the trial court abused its discretion in denying appellant's first motion for continuance.

The record reflects that on January 8, 1981, appellant filed his first motion for continuance, based on the unavailability of a material witness. The motion for continuance complied with all legal requirements of Tex.Code Crim.Pro.Ann. art. 29.06 (Vernon 1966):

(1) It was written;

(2) It was sworn to by the appellant;

(3) It contained the name of the witness and her address;

(4) It stated diligence used in securing the witness;

(5) It contained a statement from the witness of the facts expected to be proved by this witness;

(6) It asserted that the witness was not absent by procurement or consent of the appellant. Attached to the motion was a letter from a doctor ordering the witness confined to bed;

(7) It averred that the motion was not made for delay;

(8) It asserted that there was no reasonable expectation that attendance could be secured during the present term of court.

A hearing on the motion for new trial was held on February 10, 1981. There the witness, Angie Monsevias, testified that she had been subpoenaed to appear to testify at trial on January 12, 1981. She testified further that during the trial she was confined in the hospital under doctor's orders and that she delivered a child on January 19, 1981. She then set out the testimony she would have given had she been available to testify at trial. She stated that at around 12:01 A.M. on July 6, 1980, the appellant and his wife and several other relatives were sitting around visiting at her home. Although most people, including her husband and appellant, were drinking vodka, the witness testified that she had not had anything to drink. Because appellant was highly intoxicated, he fell asleep on the sofa in her living room at about 12:30 A.M. before she and her husband went to bed. At approximately 1:40 A.M., July 6, 1980, the witness awakened to make a bottle for her daughter and at this time she noticed that appellant was still asleep on the couch where he had passed out slightly more than an hour earlier. Finally, she testified that the appellant had owned a silver Honda Civic but that she had not seen him drive it since the first week of June, 1981.

This testimony gives the appellant an alibi during the time of the murder. During the trial, other witnesses, including appellant's wife and two brothers, testified to the same alibi. However, because these witnesses were blood relatives and the wife of appellant, and because the brothers testified that they too had been drinking, their testimony was not as credible as that which would have been offered by Angie Monsevias. This is because she was related to the appellant as a sister-in-law and was sober the entire evening. The fact that the testimony might have been cumulative of that of the other witnesses will not correct the error. *See Foster v. State,* 497 S.W.2d 291 (Tex.Cr.App.1973).

In *Foster,* the Court of Criminal Appeals stated, "[A]n accused's first application for continuance because of the absence of a witness is generally not subject to attack on the ground that the testimony sought would merely be cumulative." 497 S.W.2d at 293.

The appellant substantially complied with Article 29.06. We find that the trial court abused its discretion in overruling the appellant's motion for new trial. We sustain appellant's ground of error one.

Reversed and remanded.