ACCEPTED
06-15-00060-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/27/2015 10:17:41 AM
DEBBIE AUTREY
CLERK

## Nos. 06-15-00060-CR

### IN THE
### SIXTH COURT OF APPEALS
### AT TEXARKANA, TEXAS

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/27/2015 10:17:41 AM
DEBBIE AUTREY
Clerk

Jesse Dwayne Black,

Appellant,

v.

The State of Texas,

Appellee.

_____

On Appeal from the
County Court, Lamar County, Texas
Hon. M. C. Superville, Presiding

_____

### APPELLANT'S BRIEF

Don Biard
State Bar No. 24047755
Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

*Defendant Below*
*Appellant in this Court*

Jesse Dwayne Black

Counsel for Appellant:

    Don Biard                                  (on appeal)
    State Bar No. 24047755
    38 First Northwest
    Paris, Texas 75460
    Tel: (903)785-1606
    Fax: (903)785-7580
    Email: dbiard@att.net

    Jerry Coyle                                 (at trial)
    State Bar No. 04966700
    117 1st Street SE
    Paris, Texas 75460
    Tel: (903)732-0030
    Fax: (214)722-1373

*Appellee in this Court*

The State of Texas

Counsel for Appellee:

    Gary Young
    Lamar County Attorney's Office
    119 N. Main Street
    Paris, Texas 75460
    Tel: (903)737-2458
    Fax: (903)737-2455

# TABLE OF CONTENTS

Identity of Parties and Counsel……………….........……………………………………1

Table of Contents…………………….........……………………………………….2

Index of Authorities………………….……………………………………….....3

Issues Presented…………………………………………………………………4

Summary of the Argument.................................................................................4

Statement of the Case…………………………………………………………...5

Procedural History………………………….......………………………………....6

Facts……………….……………………………………………………………..7-9

Argument and Authorities…………………….......………………………….....10-17

Prayer……………….……..……………………………………………………18

Certificate of Service………………….......…………………………….…....19

Certificate of Compliance With Rule 9.4(i)(3)........................................................20

# INDEX OF AUTHORITIES

## Caselaw

*Anderson v. State,* 301 S.W. 3d 276, 279 (Tex. Crim. App. 2009)..........................15

*Armour v. State,* 606 S.W.2d at 893 (Tex. Crim. App. 1980)..................................15

*Billie v. State,* 605 S.W.2d 558 (Tex. Crim. App. 1980)...........................................15

*Blackshear v. State,* 385 S.W. 589, 591 (Tex. Crim. App. 2012)............................15

*Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010)...............................10

*Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)..............................10

*Foster v. State,* 497 S.W.2d 291, 292 (Tex. Crim. App. 1973)................................15

*Gonzales v. State,* 304 S.W.3d 838, 843 (Tex. Crim. App. 2010)...........................13

*Hartsfield v. State,* 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010)...............10

*Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)....................................10

*Hudson v. State,* 510 S.W.2d 583 (Tex. Crim. App. 1974).....................................11

*Jackson v. Virginia,* 443 U.S. 307, 319 (1979)........................................................10

*Reddie v. State,* 736 S.W.2d 923, 924 (Tex. App.—San Antonio 1987)................12

*Tawater v. State,* Tex. App. LEXIS 1015 (Tex. App. – Texarkana 2015)..............15

*Vasquez v. State,* 67 S.W.3d 229, 240 (Tex. Crim. App. 2002)..............................13

*White v. State,* 823 S.W.2d 296, 298 (Tex. Crim. App. 1992)................................15

## Statutes

Tex. Code Crim. Pro. 29.06.......................................................................................16

Tex. Code Crim. Pro. 29.08.......................................................................................16

## SUBJECT MATTER OF ISSUES PRESENTED

**I. Whether the evidence is insufficient to support the jury's verdict because there is insufficient evidence that Appellant was operating a motor vehicle while intoxicated?**

**II. Whether the trial court erred in denying Appellant's motion for continuance in order to secure the testimony of a key witness?**

## SUMMARY OF THE ARGUMENT

**First, there were no witnesses who saw Appellant driving the vehicle in which he was found. Additionally, evidence was presented at trial that showed Appellant was found in the passenger seat of the vehicle and that another individual had been driving. Accordingly, the evidence was insufficient to support the jury's verdict that Appellant had been driving while intoxicated.**

**Second, the trial court erred in denying Appellant's motion for a continuance. Appellant's main theory at trial was that another man, Gregory Don Winkler, was the actual driver of the vehicle. Appellant had a subpoena issued for Winkler but was unable to locate him to serve the subpoena. Appellant requested a continuance in order to attempt to find and serve Winkler. The trial court denied Appellant's motion thus depriving Appellant of material evidence to support the primary defense theory at trial.**

4

## STATEMENT OF THE CASE

*Nature of the Case:*        Plea of Not Guilty to an information charging one count of Driving While Intoxicated

*Trial Court:*        The Honorable M. C. Superville
County Judge, Lamar County, Texas

*Trial Court Disposition:*        A jury convicted Appellant of the charged offense and the trial court sentenced Appellant to 270 days in jail.

# PROCEDURAL HISTORY[1]

On November 26, 2014, Appellant was charged by information with the Class A misdemeanor offense of driving while intoxicated with a blood alcohol concentration of 0.15 or more in violation of Tex. Pen. Code §49.04(d).[2]  On February 12, 2015, Appellant was appointed trial counsel.[3]  The case proceeded to trial on April 15, 2015.[4]

Appellant pled not guilty to the charged offense but the jury found Appellant guilty.[5]  Appellant elected to have the trial court assess punishment and the judge sentenced Appellant to serve 270 days in jail.[6]  Appellant timely filed notice of appeal on April 17, 2015.[7]

---

[1] All references to the Reporter's Record are to Volume 3 of the record unless otherwise indicated.
[2] CR, pg. 6
[3] CR, pg. 16
[4] RR, Vols. 3,4
[5] CR, pg. 48
[6] CR, pg. 48
[7] CR, pg. 4

## Trial on the Merits

Mark Black got a call in the early evening of August 2, 2014 that his cousin's truck had been in an accident on Tudor Street in Paris, Texas. Mark drove to the scene of the accident where he was the first person to arrive.[8] Mark walked to the truck and found his cousin, Jesse Dwayne Black, in the passenger seat of the truck.[9] There was blood in the truck and Jesse had a cut on his head.[10] The keys were missing from the ignition.[11]

After Mark Black arrived, Paris Police Officers Bangs and Flatt arrived on the scene. Officer Bangs testified that upon arrival he found Jesse Black in the passenger seat of the vehicle.[12] Upon further questioning from the state, Officer Bangs revised his testimony and stated he found Black in the driver's seat.[13] Bangs testified that he had not seen Black driving the vehicle nor was he aware of anyone else who had witnessed Black driving.[14]

---

[8] RR, pg. 169-170
[9] RR, pg. 171
[10] RR, pg. 171
[11] RR, pg. 170
[12] RR, pg. 36
[13] RR, pg. 37
[14] RR, pg. 53

Black was removed from the truck and transported to the hospital. At the hospital, medical personnel took blood and urine samples.[15] Black's blood sample showed his blood alcohol concentration at the time of the blood draw to be .264.

Following the close of the state's case-in-chief, the defense called several witnesses. The defense first called Rayna Sneed, Black's former girlfriend. She was at home on the day of the accident when two women knocked on her door. The women informed Ms. Sneed that Black had been in an accident and gave her the keys to his truck.[16] Ms. Sneed walked to the scene of the accident and handed the keys to a police officer who was already there.[17]

Jesse Black also testified in his own defense.[18] Black testified that on the day of the accident he had been drinking with Gregory Don Winkler, Danny Winkler, and some other friends.[19] That evening, Black asked Gregory Don Winkler if he would drive him home in his truck.[20] Black testified that the two left in Black's truck with Winkler driving. While driving down Tudor street, Winkler left the road and crashed the truck into a tree.[21] Winkler told Black he was going to get help and left the scene.[22]

---

[15] RR, pg. 118
[16] RR, pg. 165
[17] RR, pg. 166
[18] RR, pg. 186
[19] RR, pg. 180
[20] RR, pg 189
[21] RR, pg. 190
[22] RR, pg. 190

## Motion for Continuance

Prior to the introduction of evidence, the defense made a motion for continuance.[23] On the day of jury selection, the defense had learned of Gregory Don Winkler.[24] The defense believed that Winkler was the actual driver of Black's truck during the accident.[25] A subpoena had been issued for Winkler's testimony but a defense investigator had been unable to serve Winkler.[26]

The defense investigator, Ray Ball, testified on the motion. Ball testified that he had tried several residencies in the Paris area but had been unable to locate Winkler. Ball found a potential address for Winkler in Hooks, Texas the evening prior to trial. However, given the late hour he decided not to travel to Hooks to investigate that address.[27] Following Ball's testimony, the trial court denied the motion for continuance.[28]

Prior to the close of the defense case, Appellant renewed his motion for continuance in order to find Winkler.[29] The trial court again denied the motion but did allow Ball to testify in front of the jury regarding his efforts to locate Winkler.[30]

---

[23] RR, pg. 11
[24] RR, pg. 12
[25] RR, pg. 11
[26] RR, pg. 11
[27] RR, pg. 23
[28] RR, pg. 24
[29] RR, pg. 218
[30] RR, pg. 218, 229

**Issue No. 1 Restated: The evidence is insufficient to support the jury's verdict because there is insufficient evidence that Appellant was the driver of the truck.**

### Standard of Review

In evaluating the sufficiency of the evidence, this court must review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt.[31] This court must conduct a rigorous sufficiency review focusing on the quality of the evidence presented while giving deference to the responsibility of the jury to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[32]

### Analysis

No one saw Jesse Black driving the truck that he was found in after the crash. Mark Black testified that he was the first person to arrive at the scene of the accident. When he got there, Jesse Black was sitting in the passenger side of the

---

[31] *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd).

[32] *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

truck.[33]   There was blood on the passenger side of the truck and the passenger side sun visor had been damaged.[34]

Officers arrived on scene minutes after they received the call regarding the accident.[35]  They were not the first people on the scene and it is unclear how much time elapsed between the time of the wreck and the time police were called. However, there was enough time for someone to walk Black's keys to his former girlfriend's house,[36] for someone to call his cousin, and for his cousin to drive to the scene and spend several minutes there before police arrived.

Jesse Black testified himself that he was not driving.  He testified that his friend Gregory Don Winkler had been the driver but had left after the accident.[37]

The Court of Criminal Appeals has reversed DWI convictions under facts more concrete than present here.  In *Hudson v. State*, police officers arrived to find the defendant sitting in the driver's seat of his car parked on the right shoulder of a highway.  The car had a flat tire and a warped wheel resting in the roadside ditch. Officers saw Hudson toss several empty beer cans and bottles from the car and he began cursing.[38]

---

[33] RR, pg. 171
[34] Def. Ex #2-#7
[35] RR, pg. 36
[36] RR, pg. 165
[37] RR, pg. 190
[38] *Hudson v. State*, 510 S.W.2d 583 (Tex. Crim. App. 1974)

In finding the evidence was insufficient to support Hudson's conviction, the court said, "[T]here was no testimony whatsoever as to how long [the car] had been where it was found....no testimony regarding how the car came to be where it was, and who was driving. In short, there is no evidence which shows that appellant actually drove the car, an essential element of the offense."[39]

In *Reddie v. State*, the defendant was found slumped over the wheel of his car with the motor idling. He also smelled strongly of alcohol.[40] The court reversed the conviction, finding, "No evidence was introduced to show how or when appellant arrived at the scene, that is, whether he drove the automobile he was found sitting in, whether some other person drove him there..."[41]

Similarly in our case, there was no testimony as to how long it had been since Black's truck was involved in the accident and the only testimony regarding who was driving showed Black was *not* the driver.

There is insufficient proof that Black was the driver of the truck. As the court wrote in *Hudson*, "In the absence of such proof, the evidence is insufficient to support the conviction."[42]

---

[39] *Id.*
[40] *Reddie v. State*, 736 S.W.2d 923, 924 (Tex. App.—San Antonio 1987, pet. ref'd).
[41] *Id.*
[42] *Id.*

**Issue No. 2 Restated:  The trial court erred in denying the defense motion for continuance because a continuance was necessary to locate a key witness for the defense.**

### Standard of Review

This court reviews a trial court's ruling to grant or deny a motion for a continuance for an abuse of discretion.[43]  Establishing reversible error predicated on the denial of a motion for continuance requires showing that the trial court abused its discretion in denying the motion and that the lack of continuance harmed the defendant.[44]

### Analysis

The primary defense theory at trial was that Jesse Black was merely a passenger in the truck, not the driver.  Black's opening statement focused almost exclusively upon the idea that the evidence would be insufficient to prove that Black was the driver.[45]  Black testified himself that he was not the driver.  He testified that his friend, Gregory Don Winkler, was the driver and had left the scene after the crash.[46]

This theory was not without evidentiary support.  There was blood on the passenger side of the vehicle and here was damage to the passenger side

---

[43] *Vasquez v. State*, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002).
[44] *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).
[45] RR, pg. 32
[46] RR, pg. 190

visor.  At a minimum, this would indicate that there was a passenger in the truck who had fled the scene before the police arrived and who could be a material witness at trial.

However, there was also evidence that Black had blood on his head. Black's cousin testified that he was the first person to arrive and found Black sitting in the passenger seat of the truck.  Even the first police officer to testify initially testified that he found Black sitting in the passenger side of the truck.  In short, this was not a defense theory founded solely on Black's testimony.

On the day of trial, Black's trial counsel made a motion for continuance in order to have an opportunity to locate Gregory Don Winkler and secure his testimony at trial.[47]  Black's counsel informed the trial court at length of the importance of Winkler's testimony and the defense efforts to locate him.[48]  The defense also presented testimony which detailed the efforts to locate Winkler and the probability of being able to find him soon.[49]

In *Foster v. State*, Foster's attorney learned of the existence of a key witness just two days before trial.  A subpoena was not issued until the day of trial.  Foster requested a motion for continuance on the day of trial in

---

[47] RR, pg. 11
[48] RR, pg. 11-13
[49] RR, pg. 21

order to allow time to find this witness. The trial court denied Foster's request.[50]

The Court of Criminal Appeals held the trial court had erred in denying the continuance and reversed the conviction. The court found that Foster's counsel had made only one motion for continuance and had shown due diligence in seeking the motion.[51]

Here, as in *Foster,* the defense exercised due diligence in attempting to locate and serve Winkler. Black's attorney only learned of Winkler's importance on the day of jury selection.[52] A subpoena was quickly requested and issued and the defense investigator spent several days attempting to find Winkler. As in *Foster*, Black exercised due diligence in attempting to locate their key witness.

**Written and Sworn Motion**

In recent years, the Court of Criminal Appeals has overruled a line of cases which held that an oral motion for continuance sufficiently preserved the issue for appeal.[53] The Court of Criminal Appeals has held that the Code

---

[50] *Foster v. State*, 497 S.W.2d 291, 292 (Tex. Crim. App. 1973)
[51] *Id.*
[52] RR, pg. 12
[53] *Blackshear v. State*, 385 S.W. 589, 591 (Tex. Crim. App. 2012); *citing Anderson v. State*, 301 S.W. 3d 276, 279 (Tex. Crim. App. 2009); *overruling White v. State,* 823 S.W.2d 296, 298 (Tex. Crim. App. 1992)*; Billie v. State,* 605 S.W.2d 558 (Tex. Crim. App. 1980); *Armour v. State,* 606 S.W.2d at 893 (Tex. Crim. App. 1980); *see also Tawater v. State,* Tex. App. LEXIS 1015 (Tex. App. – Texarkana 2015).

of Criminal Procedure requires a motion for continuance to be "written and sworn" and that no due process exception exists to allow an oral motion to preserve the issue for appeal.[54]

To be sure, the record in this case does not contain a written document styled "Motion for Continuance".[55] However, the totality of the record in this case should be sufficient to meet the requirements of the Code.

Black filed a written Application for Subpoena setting forth the name and suspected address of Gregory Don Winkler.[56] Black also filed a written Motion for Appointment of Investigator which set forth the need for an investigator to locate and interview witnesses.[57]

Additionally, sworn testimony of a person having knowledge of the facts supporting the motion was taken in the presence of the trial judge.[58] The defense investigator set forth the name of the witness and his suspected whereabouts, his efforts to locate him, and the fact the was not absent due to acts of the defense.[59]

Taken together, Black's written requests, coupled with the in-court sworn testimony supporting the motion, were sufficient to effectively

[54] *Blackshear* at 591
[55] *See Clerk's Record generally*
[56] CR, pg.34; Tex. Code Crim. Pro. 29.06(1),(2)
[57] CR, pg. 31; Tex. Code Crim. Pro. 29.06(2)
[58] RR, pg. 21; Tex. Code Crim. Pro. 29.08
[59] RR, pg. 21-22; Tex. Code Crim. Pro. 29.06

apprise the trial court of the nature and basis of the request and to meet the requirements of the Code of Criminal Procedure.

Considering the totality of the circumstances and the need for Winkler's testimony, the trial court erred in denying Black's motion for continuance thus depriving him of a fair trial.

## Conclusion

The evidence is insufficient to support the jury's verdict because there is insufficient evidence that Appellant was the driver of the vehicle involved in the accident. Further, the trial court erred in denying Appellant's motion for continuance thus depriving Appellant of his due process right to a fair trial.

## Prayer

Appellant respectfully requests this court reverse the conviction below and render a judgment of acquittal.

Respectfully Submitted,

**/s/ Don Biard**

_____

Don Biard
State Bar No. 24047755
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Email: dbiard@att.net
Counsel for Appellant

# CERTIFICATE OF SERVICE

I certify that on August 27, 2015 a copy of the foregoing Appellant's Brief was served to the following parties by electronic service.

**/s/ Don Biard**

_____

Don Biard

Attorney for Appellee:
Gary Young
Lamar County Attorney's Office

**CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)**

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 3,222 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,

___/s/Don Biard_____
DON BIARD
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Counsel for Appellant