**Curtis Ray WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0063–91.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 8, 1992.
Rehearing Denied Feb. 12, 1992.

---

David C. Guaderrama and Bruce W. Weathers, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Peter R. Escobar, Asst. Dist. Atty., El Paso, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant, Curtis Ray White, was tried for delivery of cocaine. Tex. Health & Safety Code § 481.112. The jury assessed punishment at twenty-five years imprisonment. The Eighth Court of Appeals affirmed the conviction in an unpublished opinion. *White v. State*, No. 08–90–00020–CR (Tex.App.—El Paso, Sept. 19, 1990). We granted appellant's petition for discretionary review, pursuant to Tex.R.App. Proc. 200(c)(3) and (4), in order to determine whether the court of appeals erred in holding that appellant was not harmed by the trial judge's refusal to order a transcription of the State's witness testimony from appellant's first trial. We will reverse.

On November 17, 1989, appellant was tried for delivery of cocaine. At appellant's trial the State presented four witnesses: the three police officers involved in the arrest and a chemist who testified that the substance in appellant's possession was cocaine. The total time of all witness testimony was approximately two hours. The trial judge declared a mistrial because of a hung jury and set the case for retrial on November 21. On November 20, appellant requested a transcription of the testimony of the State's three fact witnesses from his first trial, in order to prepare for cross-examination. No request was made regarding a transcription of the testimony from the chemist.

Upon learning that a transcription would be unavailable by the time of the retrial, appellant filed a motion for continuance on the afternoon of November 20. The next morning the trial judge overruled the motion because of (1) the short duration of the

testimony at the first trial, (2) the fact that the first trial had occurred only four days earlier, and (3) the fact that all the persons involved in the first trial, including the court reporter, were also participating in the second trial. In addition, the trial judge stated he would allow defense counsel to review with the court reporter any testimony from the first trial if a conflict with prior testimony arose at the retrial. However, prior to the commencement of the retrial, counsel for appellant stated under oath:

> I agree that [the testimony from the first trial] is generally fresh in my mind, yet I do not recall specific testimony and things that would hamper me in the impeachment of certain witnesses. And once again, as I've stated in my motion for continuance, I ask for a statement of facts.

On direct appeal, the El Paso Court of Appeals noted that appellant, as an indigent defendant, did have a constitutional entitlement to a free transcription of the State's witness testimony from his earlier mistrial. The court concluded, however, that appellant was not harmed by the trial judge's denial of his motion for continuance. In reaching this conclusion, the court distinguished those previous cases from the Supreme Court and this Court which found reversible error in the trial judge's denial of a transcription of previous witness testimony. See, e.g., *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); *Billie v. State*, 605 S.W.2d 558 (Tex.Cr.App.1980); *Armour v. State*, 606 S.W.2d 891 (Tex.Cr.App.1980).

The court of appeals based its holding on several factors, including: the fact that appellant's first trial was very short, the brief amount of time that had elapsed between the two trials, and the fact that all parties, court personnel and witnesses were the same. In addition, the court found that appellant was able to adequately impeach the State's witnesses through their witness statements, and noted that appellant did not, at the retrial, request any "readbacks" from the prior trial. In conclusion, the court noted that: "It is difficult to perceive, given the limited range of

the [witness] testimony, that there was anymore [sic] impeachment available." We find the court of appeals' analysis flawed.

The seminal case regarding an indigent defendant's right to a free transcription of prior testimony is *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). In *Britt*, the United States Supreme Court held that the denial of such transcription is violative of a defendant's equal protection rights when the transcription is needed for an effective defense. *Id.* at 227, 92 S.Ct. at 433–34. In determining a defendant's need the Supreme Court enunciated two relevant factors: the value of the transcript in connection with the defense, and the availability of alternative devices that would fulfill the same functions as a transcript. Id.

The Supreme Court further noted that the value of a transcript is generally presumed without requiring a particularized showing of need:

> [E]ven in the absence of specific allegations, it can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses.

Id. at 228, 92 S.Ct. at 434. In its analysis of the availability of alternatives to an actual transcript, the Court declared that requiring the defendant to rely on memory or notes from the previous trial or providing limited access to the court reporter during the course of the second trial is generally insufficient. Id. at 229, 92 S.Ct. at 434–35, quoting *United States ex rel. Wilson v. McMann*, 408 F.2d 896, 897 (2d Cir.1969) (rejecting such approach as "too little and too late").

Notwithstanding its finding that limited access to the court reporter during the retrial is generally an inadequate alternative to a transcript, the Supreme Court upheld the trial court's denial of Britt's request for a transcript. The basis of the Supreme Court's holding was the fact that the court reporter "would at any time have

read back to counsel his notes of the mistrial, *well in advance of the second trial,* if counsel had simply made an informal request." *Britt,* 404 U.S. at 229, 92 S.Ct. at 435 (emphasis supplied). Thus the defendant in that case had "an informal alternative which appear[ed] to be substantially equivalent to a transcript." *Id.* at 230, 92 S.Ct. at 435.

This availability of the court reporter *prior to retrial* is a critical distinction between *Britt* and the instant case. If counsel is so-provided with specific testimony from the earlier mistrial, he can then adequately impeach the State's witnesses if a conflict in testimony arises. He is not forced to resort to the more cumbersome method of stopping his cross-examination and pausing while the court reporter finds the relevant notes and reads back the inconsistent testimony to the jury. In addition, when a defendant is forced to rely on such "readbacks" the full import of the impeachment is lost on the jury and the defendant's ability to mount an effective defense may be seriously undermined:

> If you have caught the witness in a contradiction it is the more clearly shown if the exact words previously used by the witness are brought to the jury's attention. The effect may extend beyond the bearing on the contradiction on its own subject matter, for the witness may be "broken down" so that he makes other admissions or the jury disbelieves other parts of his testimony. Calling upon the reporter to read such testimony during the examination, however, is rarely a practicable method of confronting the witness with such contradiction.... Even if the trial judge will permit the practice [of "readbacks"], the wisdom of its use is questionable. The jury and the court may grow impatient, and the witness will have been afforded a considerable period of time to think about the matter and be prepared with an explanation or excuse.

R. Keeton, *Trial Tactics and Methods* 103 (1954), quoted in *Britt* 404 U.S. at 242, 92 S.Ct. at 441 (Douglas, J., dissenting).

When presented with the denial of an indigent defendant's right to a transcript of prior testimony, this Court has echoed *Britt's* constitutional mandate. In *Billie v. State,* 605 S.W.2d 558 (Tex.Cr.App.1980), we held that the denial of such a transcript was reversible error even though the defendant successfully impeached the State's key witness through defense counsel's personal notes from the first trial. Although this impeachment ultimately forced the prosecution to stipulate to certain inconsistencies, we stated: "[W]ithout a transcription of the court reporter's notes from the initial trial, there was no viable way of knowing *just how many more* inconsistencies existed for impeachment purposes." *Id.* at 560 (emphasis in original).

Similarly, in *Armour v. State,* 606 S.W.2d 891 (Tex.Cr.App.1980), we found reversible error in the trial judge's denial of the defendant's motion for a continuance, when such motion had been prompted by the judge's refusal to rule on the defendant's request for a transcript from the defendant's earlier mistrial. In that case, the trial judge refused to allow defense counsel to interrupt his cross-examination to review the court reporter's notes from the earlier trial. *Id.* at 893. Instead, the judge required counsel to review the court reporter's notes during the evening recess and then, on the following day, allowed the court reporter to read at length from the notes of the earlier trial in an attempt to impeach the witness. Again relying on *Britt,* we found this method of impeachment an inadequate alternative to providing a defendant with the actual transcript of the earlier trial. In addition, we extended our earlier holding in *Billie* by expressly requiring the State to prove that the defendant had no need for a transcript of the prior testimony of the State's witnesses in order to present an effective defense. *Id.* at 894.

We conclude, on the specific facts of the instant case, that the trial court's refusal to grant appellant's motion for continuance was reversible error. We further conclude that the court of appeals erred in its harm analysis by finding the State had

proved that appellant had no need for the witness testimony from his earlier trial in order to mount an effective defense. Absent such a showing by the State, harm is presumed, and the trial judge's refusal to grant appellant's request for the continuance needed to obtain a trial transcript of the relevant witness testimony constituted reversible error.

Our decision in this case is compelled by the nature of the witness testimony sought by appellant. Because appellant was arrested pursuant to an undercover "sting" operation, the ability of the State to obtain a conviction rested almost exclusively on the testimony of the three law enforcement personnel involved in the alleged drug transaction. The credibility and perceptions of these eyewitness-participants was essential to the State's case. It was thus paramount that appellant have the means to adequately impeach these witnesses.

Because the testimony of the State's witnesses provided the basis for establishing all the elements necessary to convict appellant, it must be presumed that inhibiting appellant's ability to impeach such witnesses through their specific prior testimony unconstitutionally impaired appellant's defense. Moreover, as discussed above, we find that the availability of the court reporter for "readbacks" of prior testimony was an insufficient alternative to providing appellant with the specific testimony necessary to conduct an effective impeachment. See *Britt*, supra 404 at 229, 92 S.Ct. at 434–35. This is especially true in light of appellant's counsel's sworn testimony that he did not recall the specific testimony of these witnesses.

In sum, notwithstanding the short duration of the first trial, the small amount of time elapsing between the two trials, and the availability of the court reporter for readbacks, the fact remains that defendant was deprived of a critical element necessary for his defense. Prior to retrial, appellant is entitled to a transcription of the testimony of the State's witnesses who testified at his first trial.

The judgments of the court of appeals and the trial court are reversed and this cause is remanded to the trial court for further proceedings.

McCORMICK, P.J., concurs in the result.

WHITE, J., not participating.