**Affirmed and Opinion Filed July 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00224-CR

**JORGE SUAREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 11**
**Dallas County, Texas**
**Trial Court Cause No. MA10-72305-N**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Bridges

Jorge Suarez appeals his misdemeanor conviction for assault family violence. After finding appellant guilty, the jury assessed punishment at 180 days' confinement, probated for 24 months, and a $500 fine. In five issues, appellant claims the trial court abused its discretion by denying his (1) request for a reporter's record from the bond hearing, (2) motion for continuance, (3) motion for new trial, and (4) request for a mistrial. We affirm.

Married with two children, appellant and Elizabeth Suarez[1] had been together since 1994 but were estranged for the three years preceding the offense. Appellant did not live with Suarez at her Dallas County house but paid the rent and dropped by from time to time. Appellant visited the house late at night on September 10, 2010. Suarez and her daughter were home, although her

---

[1] The record shows Suarez testified through an interpreter.

son was not. While appellant was there, he told Suarez he wanted to have sex, but she refused. He began threatening her, and the couple argued. Suarez tried to leave, but appellant punched her in the face. When she called 911, appellant left. He was subsequently charged with assault family violence, and the Dallas County Public Defender's Office was appointed to represent him. Appellant posted a cash bond of $1500 to secure pretrial release.

The case, set for trial in October 2011, was continued to December 5, 2011. On that date, while waiting for a venire panel, Suarez said appellant threatened her in the hall outside the courtroom. As a result, the State filed a motion to hold the bond insufficient. The following day, the trial court held a hearing on the State's motion during which appellant and Suarez both testified. Appellant was represented by "several defense attorneys within the Public Defender's [O]ffice." The trial court found the amount insufficient and increased appellant's bond. According to the docket sheet, trial was delayed until December 12.

Counsel with the public defender's office filed a written request for the transcription of the bond hearing and a motion for a continuance on December 8 and 12, respectively. In the motion, defense counsel asserted a continuance was warranted because (1) the public defender originally assigned to appellant's case had resigned on October 3, 2011, and the case had not been reassigned to other counsel or prepared for trial, (2) acting counsel had been unable to contact appellant since October 4, 2011, (3) the trial court had not ruled on the request for the transcript and it was "a necessary and critical part of this case and will assist the defense in the preparation of this trial," and (4) appellant indicated he wished to hire his own attorney and had the funds to do so. Although trial did not commence on December 12, the trial court held a hearing on the motion to continue. After expressing concern over appellant using appointed counsel when he had the ability to retain his own attorney, the trial court denied the motion for

–2–

continuance. Four days later, trial began. The jury heard the evidence and convicted appellant. After his motion for new trial was overruled, appellant filed this appeal.

Appellant's first, second, and third issues are based on the denial of his motion for continuance. Under issues one and two, appellant claims he had a constitutional right to a transcription of the hearing and the trial court's denial of his request and motion for continuance requires we reverse his conviction. Appellant also argues, under issue three, the trial court violated his right to counsel by denying his motion to substitute counsel on the day of trial.

We review a trial court's ruling on a motion for continuance under an abuse of discretion standard. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). To reverse a case because of a trial court's denial of a motion for continuance, an appellant must demonstrate the denial was error and it resulted in harm. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). Thus, we first address whether the trial court erred in denying the motion to continue and, if so, whether such error was harmful. *Id*. To establish an abuse of discretion, there must be a showing that appellant was actually prejudiced by the denial of his motion. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995).

Under his first and second issues, appellant contends the trial court abused its discretion by denying his request for a free transcription of the bond hearing as well as his motion for continuance to obtain the transcription. Under these arguments, appellant claims he had a constitutional right to the transcript and that he detailed his need for the information.

Neither appellant nor the State has cited, and we have not found, a case addressing a defendant's right to a transcription of a bond hearing for trial. Case law provides, however, that an indigent defendant has a right to a free transcription of "prior testimony." *White v. State*, 823 S.W.2d 296, 298 (Tex. Crim. App. 1992) (citing *Britt v. North Carolina*, 404 U.S. 226, 227 (1971)). In *Britt*, the United States Supreme Court held the denial of such a transcription

–3–

violated his equal protection rights when the transcription was needed for an effective defense. *Britt*, 404 U.S. at 227. In determining a defendant's need for the transcription, the Supreme Court enunciated two relevant factors: the value of the transcript in connection with the defense, and the availability of alternative devices that would fulfill the same functions as a transcript. *Id*. The "value of a transcript is generally presumed without requiring a particularized showing of need." *White*, 823 S.W.2d at 298. *Britt*, however, was a case in which the first trial resulted in a mistrial, and defense counsel sought a transcription of the testimony from the first trial. *Britt*, 404 U.S. at 226−27. While we question whether *Britt* applies to these facts, we nevertheless conclude appellant failed to show he was entitled to such a transcription because there were "alternative devices" available that would fulfill the same function. *See Britt*, 404 U.S. at 227, 230.

The record shows appellant and defense counsel from the public defender's office appeared at the bond hearing on December 6, 2011. During the morning, appellant was questioned by public defender Nancy Raine. The hearing was continued after lunch at which time the trial court stated:

> And for the record, the State's attorney is present in the courtroom. The defense attorney is present in the courtroom. Felix Marquez is present for the defense. I know there was a different attorney from the Public Defender's Office earlier this morning, Ms. Nancy Raine. She had to take care of some other matters, so Felix will be here to represent the defendant.

Marquez then noted, "I am also being assisted by my co-counsel, also co-defender Nick Quezada." Suarez then testified about events that occurred at the courthouse the previous day as well as her children's relationship with their father. No evidence was adduced regarding the events for which appellant was charged with assault family violence.

Appellant alleges he needed the bond hearing transcription[2] because defense counsel Raine "was not present at the hearing" and she needed to be able to "possibly cross-examine the complaining witness on any inconsistencies in [Suarez's] statements that may arise at trial." Although Raine was not present at the afternoon portion of the hearing, appellant was represented at that time by two other members of the public defender's office. Suarez was questioned by Marquez, leaving Quezada available to listen to her responses. Nothing prevented Raine from interviewing both Marquez and Quezada about Suarez's testimony. Because there were alternative devices available that would fulfill the same function, appellant has not shown he was entitled to the transcription. It follows that the trial court did not abuse its discretion by denying the continuance in order to get the transcription. We overrule appellant's first and second issues.

We now address appellant's third issue regarding his right to hire counsel. The trial court has discretion to determine whether counsel should be allowed to withdraw from a case. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). We consider various factors, including the length of the delay requested, whether other continuances were requested and denied or granted, the amount of time in which the accused's counsel had to prepare for trial, the balanced convenience or inconvenience to the witnesses, the opposing counsel, and the trial court, whether the delay is for legitimate or contrived reasons, whether the case was complex or simple, whether a denial of the motion resulted in some identifiable harm to the defendant, and the quality of legal representation actually provided. *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982). Nevertheless, the right to counsel may not be manipulated so as to obstruct the judicial process. *King*, 29 S.W.3d at 566; *see White v. State*, 496 S.W.2d 642, 645 (Tex.

---

[2] In response to appellant's assertion he needed the bond hearing transcription, the trial court noted there was an "allegation that the defendant made comments or statements to the complainant just outside the courtroom at a previous hearing which would not be admissible at trial . . . ." Thus, the record shows the trial court was aware of the statements and circumstances surrounding the bond hearing and concluded they were inadmissible.

Crim. App. 1973) (accused in criminal case may not use his constitutional right to counsel so as to manipulate commencement of trial to suit his convenience and pleasure). In fact, the right must be balanced with the trial court's need for prompt, orderly, effective, and efficient administration of justice. *Windham*, 634 S.W.2d at 720; *Emerson v. State*, 756 S.W.2d 364, 369 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). An accused may not wait until the day of trial to demand different counsel or to request counsel be dismissed so that he may retain other counsel. *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976); *Brown v. State*, 464 S.W.2d 134, 135 (Tex. Crim. App. 1971). An accused carries the burden of proving that he is entitled to a change of counsel. *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. [Panel Op.] 1982).

Here, the record shows the first court date was March 2011, followed by a pretrial hearing in July, and the first trial setting of October 4, 2011. The State filed a motion for continuance, which was granted, and the trial was reset for December 5, 2011. Appellant did not inform the trial court he wanted or intended to hire counsel during that time. When the trial court addressed the sufficiency of his bond on December 6, 2011, appellant likewise did not raise the issue of hiring counsel. Trial was reset again for December 12, 2011. That same day, appellant filed a motion asserting, for the first time, that he was prepared and wanted to hire an attorney of his choice. Appellant did not indicate how long a continuance he was requesting, nor did he provide any information about new counsel. During the hearing, appellant did not argue he was dissatisfied with current counsel and, although the motion for continuance suggested his case had not been prepared for trial, no mention was made at the hearing of the status of his case nor was it urged or argued that defense counsel was unprepared to try the case.

The State argued the complaining witness, Suarez, was living in a shelter and had no cellphone, making it difficult to keep in touch with her. The State also argued appellant had an

electronic leg monitor and that proceeding to trial as soon as possible would shorten the time he was required to pay for it. Balancing appellant's right with the trial court's need for prompt, effective, and efficient administration of justice, we cannot conclude that, under the circumstances of this case, the trial court's denial of the motion for continuance was an abuse of discretion. We overrule appellant's third issue.

Appellant's fourth issue, that the trial court abused its discretion by denying his motion for new trial, is premised on our finding the trial court abused its discretion by denying the request for a transcription and motion for continuance. Because we have found against appellant on those issues, we likewise conclude the trial court did not abuse its discretion by failing to grant a new trial. We overrule appellant's fourth issue.

In his final issue, appellant contends the trial court abused its discretion by denying his request for a mistrial. Appellant claims Dallas Police Officer Pompomio's testimony that made reference to "other cases" was so prejudicial as to require a new trial.

A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Whether a witness's improper reference to an extraneous offense mandates a mistrial is determined by examining the particular facts of the case. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). In determining whether a trial court abused its discretion in denying a motion for mistrial, we consider (1) the severity of the underlying misconduct, (2) any curative measures adopted, and (3) the certainty of the conviction absent the misconduct. *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007). We review a trial court's denial of a mistrial under an abuse of discretion standard. *Id.* at 699.

Nothing in the record suggests Pompomio's testimony was "so highly prejudicial and incurable" that the court erred by denying the motion for mistrial. The complained-of statement

came just as the officer was finishing his testimony. After being asked what his opinion was "on what happened that night," the officer replied: "I can only go off what the complainant stated but with the suspect had fled the location and she also stated she had previous case numbers." Appellant objected, the objection was sustained, and upon request, the jury was promptly instructed to disregard the officer's "last remark." The comment was not repeated or emphasized, nor was it "tied" or "connected" in any manner to the assault. Finally, although appellant asserted his innocence, the State's evidence was sufficient, and nothing in the record suggests the jury would have come back with a different verdict without the complained-of statement. We conclude appellant's complaint that the trial court abused its discretion by denying his motion for mistrial lacks merit. *See Ladd*, 3 S.W.3d at 567 (trial court could have reasonably concluded instruction to disregard was sufficient to cure any harm). We overrule appellant's final issue.

We affirm the trial court's judgment.


/David L. Bridges/

Do Not Publish                 DAVID L. BRIDGES
TEX. R. APP. P. 47             JUSTICE

120224F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JORGE SUAREZ, Appellant

No. 05-12-00224-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 11, Dallas County, Texas
Trial Court Cause No. MA10-72305-N.
Opinion delivered by Justice Bridges.
Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 29, 2014