Court of Criminal Appeals of Texas

P.O. Box 12308, Capital Station

Austin, Texas 78711

Abel Acosta, Clerk

62,574-05

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 03 2015

Abel Acosta, Clerk

RE: Tr. Ct. No. C-372-010189-1199474A; WR-62, 574-04; No. 08-15-00192-CR

Dear Clerk,

      Wherefore premise being considered Pro-se Applicant hearby asks the clerk of said court to filed his writ of Mandamus to obtain record. Also to file the aboved styled and numerated causes and cases in the approiate manner. The Applicant also requests that notice of orders, instructions and any other notices concerning his writ of Mandamus be mailed to the address listed below. And any other type of relief that applicant is entitled to be sent to the same address.

Respectfully Submitted,

Johhny Green Jr.
TDCJ-ID # 1738876
Mark W. Stiles Unit
3060 F.M. 3514
Beaumont, Tx. 77705
    Applicant
    Pro-se

IN THE

TEXAS COURT OF CRIMINAL OF APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| JOHNNY GREEN JR. | § | WR-62, 574-04 |
| RELATOR | § | No. 08-15-00192 |
| THE STATE OF TEXAS | § | Tr. No. 1199474-A |

RELATOR'S PETITION FOR WRIT

OF MANDAMUS TO OBTAIN RECORD

To The Honorable Judges of Said Court:

Comes now Johnny Green Jr. Relator, Pro-se. In the above numbered cause and respectfully requests this Honorable court grant his writ of Mandamus and issue an order to the 372nd District Court of Texas to provide Volume 3 of the reporter's record pages 5 thru 14 and pages 88 thru 232. And will show in support thereof the following:

I.

This relator filed an original Petition for Mandamus, which this court denied, citing Padilla v. McDaniel, 122 S.W. 3d. 805 (Tex. Crim. App. 2003). Directing the relator to file his Mandamus in the Appellant Court due to jurisdiction. The Relator has alleged from the beginning of his appellate process through motions and notices to the trial court, that there exists Constitutional error in Volume three of the Reporter's record. Specifically, that two biased jurrors were present on the relator's petite jury and the jury selection process itself was unconstitutional. See: Franklin v. Anderson, 434 F.3d. 412, (6th Cir. 2006); Martinez-Salazar v. United States, 528 U.S 304, 316, 120 S.CT. 774, 145 L.Ed.2d. 792 (2000).

> " The prensence of a biased juror on a defendant's jury violates his right to due process and requires immediate reversal."

(1)

The trial court sealed volume three of the Reporter's Record and has repeatedly denied the relator's motions, claiming the Relator is seeking the jurors personal information. The relator has always and only requested the Voir Dire Examination, Challenges, objections, and the trial court's comments and instructions contained in Volume three of the Reporter's record. **And not the juror's personal information.** This is a deliberate obstruction by the trial court that violates the relator's right to equal protection and due process under the 14th Amendment. See: Bracey v. Gramely, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d. 97 (1997).

> " A trial judge that deliberately denies a defendant evidence
> essential to his defense, intentionally violates that defen-
> dant's substantial rights."

The relator is entitled under the law and pursuant to the United States Constitution to the transcripts of the trial process which include the record of the pre-trial **and** trial process. It has been long established by the Supreme Court of the United States, that transcripts are neccessary in the preparation of an adquate appeal, or post-conviction collateral review, where the right to counsel does not exist. See: Britt v. North Carolina, 404 U.S. 226, 227, 30 L.Ed.2d. 400 92 S.Ct. 431 (1971); Gardner v. California, 393 U.S. 367, 87 S.Ct. 580, 21 L.Ed.2d. 601 (1969).

> " A transcript is a source of factual information specific to
> the defendant's case and neccessary in the preparation of an
> appeal. In fact, this court recognizes the right to a trial
> transcript in proceedings where no right to counsel exists."

## II.

Pursuant to this Honorable Court's ruling, the relator filed a petition for Mandamus in the Eight Court of Appeals, El Paso, Texas, Which held dual jurisdiction, on May 5, 2015. The appellate court **did not** issue an opinion until July 8, 2015. Forcing the relator to file his PDR wothout being able to cite the record pursuant to; Tex. R. App. Proc. 52.3 (g)(h), 68.4 (f).

> " The Petitioner must refer to the page of the record where
> the matter complained of is found."

In the appellate court's opinion See: (Exhibit Appendix) the court gives it's

opinion that this Honorable Court of Criminal Appeals refused the relator's PDR on June 17, 2015. However, the Clerk of the Court of Criminal Appeals has never notified the relator of such a decision. The Mark W. Stiles Unit's Legal Mail log will reflect the lack of such notification. As a result, the Eight Court of appeals opinions that the relator cannot show the Respondent interfered with that court's appellate jurisdiction.

## CONCLUSION

The relator again Petitions this Honorable Court for Mandamus since (1) This is the only Court with jurisdiction (2) The relator is unable to compel the Respondent to provide the transcript of the Voir dire proceedimgs, to which he is entitled. The relator asserts that no reviewing court has ever examined Volume three of the Reporter's record pages 88 thru 232 to determine the accuracy of the respondent's claim for sealing such a record. Nor has any court issued an order to re-dact any personal information of a juror in those portions the relator requests, if in fact that information exists. The relator only requests the transcripts that contain the Voir Dire Examination and subsequent challenges, objections and selection of the jury at his trial. The State has **never** shown that the relator did not need this transcript and as a result, this has caused the applicant substantial harm. See: White v. State, 823 S.W. 2d. 296, 300 (Tex. CRim. App. 1992).

> " Defendant was harmed in the absence of a showing by the
> State that the defendant did not need the transcription
> from an earlier proceeding."

(3)

Wherefore, All premise having been considered the relator humbly prays that this Honorable Court grant him relief and issue an order to the trial court to provide the relator with the transcript from the Voir Dire proceedings. And if neccessary redact any personal information of a juror from that record.

Respectfully Submitted,

Johnny Green Jr.
TDCJ-ID # 1738876
Mark W. Stiles Unit
3060 F.M. 3514
Beaumont, Tx. 77705

## DECLARATION

I declare under penalty of perjury the foregoing to be true and coorect. Executed on July _____, 2015.

Duly Sworn,

Johnny Green Jr.
TDCJ-ID # 1738876
Mark W. Stiles Unit
3060 F.M. 3514
Beaumont, Tx. 77705
Pro-se

(4)

APPENDIX

1. Motions & Notes refused by the trial court

2. Court of Criminal Appeals decision on relator's
   original writ of Mandamus

3. Eight Court of Appeals Memorandum Opinion and
   order from relator's writ of Mandamus

Johnny Green #1702876
Stiles Unit
3060 FM. 3514
Beaumont, Texas 77705

August 21st 2014

Honorable Judge Scott Wisch
372ND District Court

401 W. Belknap St. 6th Floor
Fort Worth, Texas 76196

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
AUG 27 2014
TIME 819
BY _____ DEPUTY

Re: Trial Cause #1199474D, Appeal Cause #08-11-00317-CR
    Requesting that Volume 3 of Trial Transcript be Unsealed

Dear Sir:

    I am writing to ask could you please unseal Volume 3 of the trial transcript of the above cause#. I need to review Attorney's potential qualification questions of Jurors because I believe that meritable errors Exist.

    As to my knowledge of the proceeding concering the Voir Dire there were two jurors who acknowledged knowing the presiding judge personally. This was in fact an issue I stated to my attorney.

    It is my prayer sir that you'd please grant me the oppurtunity to purchase my Volume 3 of trial transcripts in the above cause, and take judicial notice of this matter and allow your Court or District Clerk to notify me of your decision.

    Thanks for your time and help in this matter.

Request to Unseal
Jury Information
Denied
SGW 8/25/14

Respectfully Submitted
G. Green
Johnny Green
Defendant / Pro Se

| Johnny Green Jr. | § | In The 372nd District |
|---|---|---|
| VS | § | Court of |
| The State of Texas | § | Tarrant County, Texas |

## Motion For Seal Be Removed For Reasons of Questioning in Jury Selection in Voir Dire

Come Now, Johnny Green Jr., Applicant in the above styled and numbered cause, proceeding Pro Se and according to The Jury Selection and Service Act of 1968 (JSSA). Files this Motion For Seal Be Removed For Reasons of Questioning in Jury Selection in Voir Dire for Art. 11.07 Habeas Corpus hearing and request that no biased be made against him which will constitute a violation of the constitutional fair cross-section requirement. See Mosley v. Dretke, 370 F.3d 467, 478-79 (5th Cir. 2004) (absolute disparity test used to decide fair cross-section requirement and equal protection).

Applicant is requesting seal be removed for the reasons of seeing how jurors answered questioning on wheather they "the jurors" could be fair and impartial and that the following documents and volumes be included as part of the record for the Habeas Corpus hearing in this cause:

Juror's are also asked important questions like;

1) Do they know the attorneys, the defendants, or any witnesses, and wheather they have ties to law enforcement.

2) Also other case-specific questions like their attitudes toward this kind of case and their experience concerning this type of case.

3) Applicant is also inquisitive of the defense and prosecutions challenges of potential jurors.

Applicant prays that all the above enumerated items be collected and Assembled and Attached as The Record For Habeas Corpus in this case.

Respectfully Submitted

J. Green

Cause #1149474-D

## Declaration

I Johnny Green Jr., being presently incarcerated in Texas Department of Criminal Justice, Mark W. Stiles Unit, in Jefferson County, Texas. declare under penalty of perjury that the foregoing is true and correct to the best of my ability.

Executed on the 23rd day of February 2015.

J. Green

Johnny Green

T.D.C.J # 1738876

c/c : File

**OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR**
4/15/2015 **PRIVATE USE**

$ 00.26⁵

0002003152     APR 16 2015

GREEN, JOHNNY Jr.   Tr. Ct. No. C-372-010189-1199474-A   WR-62,574-04

This is to advise that the Court has denied without written order motion for leave to file the original application for writ of mandamus. *Padilla v. McDaniel*, 122 SW 3d 805 (Tex. Crim. App. 2003).

Abel Acosta, Clerk

JOHNNY GREEN JR.
STILES UNIT - TDC #1738876
3060 FM 3514
BEAUMONT, TX 77705



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-15-00192-CR |
| IN RE: JOHNNY GREEN, JR., | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Relator, Johnny Green, has filed a petition for writ of mandamus against the Honorable Scott Wisch, Judge of the 372nd District Court of Tarrant County, Texas. Relator seeks an order compelling Respondent to unseal one volume of the reporter's record which contains the jurors' confidential information. We dismiss the mandamus petition for lack of jurisdiction.

To obtain mandamus relief, Relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial District Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). A court of appeals has jurisdiction to issue a writ of mandamus against certain judges within its geographic district. TEX.GOV'T CODE ANN. § 22.221(b)(West 2004). A court of appeals also has authority to issue a writ of mandamus if it is necessary to enforce its jurisdiction. *Id.* § 22.221(a). Thus, we may issue a writ of mandamus to a district judge outside of our district if he or she interferes with the court's jurisdiction. *See id.* at § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.--

Houston [1st Dist.] 1999, orig. proceeding).

The underlying appeal, cause number 08-11-00317-CR, was transferred from the Second Court of Appeals to the Eighth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. We affirmed Relator's direct appeal from his murder conviction by opinion and judgment issued on November 22, 2013, and we issued our mandate on February 26, 2014. *See Johnny Green v. State*, 08-11-00317-CR, 2013 WL 6175127 (Tex.App.--El Paso Nov. 22, 2013, pet. ref'd). On January 28, 2015, the Court of Criminal Appeals granted habeas corpus relief and ordered that Relator would be permitted to file an out-of-time petition for discretionary review. *See Ex parte Johnny Green*, No. WR-62,574-03 (Tex.Crim.App. Jan. 28, 2015). Relator filed his petition and the Court of Criminal Appeals refused it on June 17, 2015. Given that Relator's appeal is no longer pending before us, Relator cannot show that Respondent has interfered with our appellate jurisdiction. Consequently, we do not have jurisdiction to grant the requested relief. The petition for writ of mandamus is dismissed for lack of jurisdiction.

July 8, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

- 2 -